**Sergeant David A. USSERY, FR 267–29–0743 United States Air Force**

v.

**UNITED STATES.**

**Miscellaneous Docket 83–07.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 April 1983.

Decided 25 Aug. 1983.

Appellate Counsel for the Accused: Captain David L. Kramer filed a brief on behalf of the accused.

Before HODGSON, FORAY, HEMINGWAY, KASTL, CANELLOS, RAICHLE, MILLER and SNYDER, Appellate Military Judges, En Banc.

### ORDER

**PER CURIAM:**

The Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus is dismissed.

CANELLOS and SNYDER, Judges, not participating.

HEMINGWAY, Senior Judge, concurring in the result:

In accordance with his pleas, the accused was convicted of manufacture and possession of marijuana and possession of drug paraphernalia, in violation of Articles 134 and 92, U.C.M.J., 10 U.S.C. §§ 934, 892. At trial the accused was sentenced to confinement at hard labor for 180 days, forfeitures of $382.00 per month for six months and reduction to airman basic. The special court-martial convening authority reduced the forfeitures to $250.00 per month for three months and otherwise approved the sentence. Prior to trial the accused and the special court-martial convening authority had negotiated a pretrial agreement which provided that in return for the accused's plea of guilty,

> The maximum sentence approved will not exceed a Bad Conduct Discharge, Confinement at Hard Labor for three months, Forfeitures in excess of Two Hundred Fifty Dollars ($250.00) per month for three months, and Reduction to Airman Basic (E–1).

The case is now before us on a petition for a writ of habeas corpus wherein the accused asserts that the approved sentence violates the pretrial agreement in that the confinement exceeds three months. The petition presents two issues: (1) Does our Court have jurisdiction to entertain the petition? and (2) if so, should the Court grant the requested relief and order the accused's release? Since the Court's per curiam opinion does not address these issues, I choose to set forth my views separately. I would answer the first question in the affirmative and the second in the negative.

The Court of Military Appeals has held that it has the authority to issue extraordinary writs, *United States v. Frischholz,* 16 U.S.C.M.A. 150, 36 C.M.R. 306, (1966) and that it has general supervisory power over the administration of military justice. *United States v. Gale,* 17 U.S.C.M.A. 40, 42, 37 C.M.R. 304, 306 (1967); *see Dobzynski v. Green,* 16 M.J. 84 (C.M.A.1983). Likewise, this Court, as the highest Air Force tribunal, exercises general supervisory power

over the administration of military justice within the Air Force. *United States v. Dettinger,* 6 M.J. 505 (A.F.C.M.R.1978), *rev'd in part, aff'd in part,* 7 M.J. 216 (C.M. A.1979). The scope of our supervisory authority is broader than that of the Court of Military Appeals. Art. 66(c), U.C.M.J., 10 U.S.C. § 866(c); *see generally* H. Moyer, *Justice and the Military* § 2–780 (1972). Therefore, I would find jurisdiction in this instance although the case would not have reached this Court under the provisions of Art. 66(b), U.C.M.J.

While I would find jurisdiction, I do not note any basis for granting the relief requested by the accused. The pretrial agreement before us limits the *total* sentence which the convening authority agreed to approve. Individual elements of the sentence were not addressed in the agreement. The sentence which was approved by the convening authority in this case was less than the *total* sentence set forth in the pretrial agreement and less than that imposed by the court-martial. *United States v. Brice,* 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967). *United States v. Brown,* 13 U.S.C. M.A. 333, 32 C.M.R. 333 (1962); *see also United States v. Monett,* 16 U.S.C.M.A. 179, 36 C.M.R. 335 (1966); *United States v. Johnson,* 12 U.S.C.M.A. 640, 31 C.M.R. 226 (1962).