UNITED STATES, Appellant

v.

Colonel J. Jeremiah
MAHONEY, Appellee,

Technical Sergeant Tommy L. Ramsey,
Real Party in Interest.

COMR Docket No. 87A–02.

U.S. Air Force Court of Military Review.

6 Aug. 1987.

Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson for the Appellant.

Colonel Leo L. Sergi and Captain Henry J. Schweiter, for the Appellee.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

Trial began in the accused's general court-martial on 9 June 1987. The accused was arraigned on five charges alleging violations of Articles 81, 90, 95, 112a, and 134, U.C.M.J., 10 U.S.C. §§ 881, 890, 895, 912a, 934.[1] Charges I, II, and III were alleged to have occurred on 6 February 1987. Immediately after the arraignment, the accused submitted a written motion to the military judge entitled Defense Request For In-

---

1. The accused pleaded not guilty to all the Charges and Specifications upon which he was arraigned.

structions On Sanity Issue and it pertained to Charges I, II, and III. The accused contended Article 50a, U.C.M.J., 10 U.S.C. § 850a.[2] enacted 14 November 1986, was not to be applied in determining any sanity issue which may arise in the case even though its enactment predated the affected charges. His position was based upon the fact that the Manual For Courts-Martial, 1984, implementing provisions of the statute—R.C.M. 916(b) and (k)[3]—were not promulgated until after the date of the affected charges. Executive Order 12586 was signed by the President on 3 March 1987, amending R.C.M. 916(b) and (k) making those rules applicable to any offense committed on or after 14 November 1986. This, according to the accused, resulted in an *ex post facto* law in contravention of Article I, Section 9 of the Constitution of the United States. Therefore, argued the accused, the law with respect to mental responsibility as it existed prior to 14 November 1986, should be applicable in his case. In the alternative, the accused argued that should the military judge find that Article 50a, U.C.M.J., and R.C.M. 916(b) and (k), do apply in his case, he should find those provisions to be unconstitutional as they unlawfully shift the burden of proof to the accused.

The military judge entered essential findings and a ruling concerning the applicable law on mental responsibility.[4] Among them were that Article 50a, dated 14 November 1986, was applicable in this case; Executive Order 12586, implementing Art 50a, "was effective upon publication in the Federal Register on 9 March 1987"; and since the date of the Executive order was subsequent to the date of the affected charges against the accused, R.C.M.

916(k)(2) is, as to the accused, an *ex post facto* law and, therefore, unconstitutional.

Subsequently, trial counsel requested a recess in the proceedings in order to provide him time to discuss the military judge's ruling regarding the mental responsibility issue with the staff judge advocate. The purpose of the discussion was to determine the advisability of submitting an appeal of that ruling under the provisions of Article 62(a), U.C.M.J., 10 U.S.C. § 862(a). The military judge opined that his ruling was not one which was appealable under Article 62(a), but he was compelled to recess the court-martial anyway for an unrelated reason. When the court-martial reconvened the following day, trial counsel announced that the Government had elected to appeal the ruling and moved the court-martial be continued for 72 hours in order to file the appeal. The motion for continuance was denied.

The denial of the motion for continuance prompted the Government to seek relief in this Court by the filing of a Petition For Extraordinary Relief In The Nature Of A Writ Of Prohibition.[5] The nature of the relief sought was:

> The Petitioner prays that this Court issue a writ of prohibition in the nature of a temporary restraining order, (...) directing Respondent to stay the proceedings in the case of *United States v. Ramsey* in accordance with R.C.M. 908(b)(4) until this Honorable Court has had an opportunity consider the Government's appeal under Article 62 of the Uniform Code of Military Justice.

Initially, this Court ordered the respondent to stay the general court-martial proceedings pending this Court's resolution of the petition for extraordinary relief in the

---

**2.** Article 50a, U.C.M.J. Defense of lack of mental responsibility.

**3.** Pursuant to R.C.M. 916(b), the burden of proving the defense of lack of mental responsibility by clear and convincing evidence is upon the accused. R.C.M. 916(k)(1), defines lack of mental responsibility and R.C.M. 916(k)(2) states that "[a] mental condition not amounting to a lack of mental responsibility under subsection (k)(1) of this rule is not a defense, nor is evidence of such a mental condition admissible as to whether the accused entertained a state of

mind necessary to be proven as an element of the offense."

**4.** No evidence regarding the mental responsibility of the accused had been introduced at any stage of the proceedings.

**5.** *United States, Petitioner v. J. Jeremiah Mahoney, Colonel, USAF, Respondent v. Real Party In Interest: Technical Sergeant Tommy L. Ramsey, USAF.*

nature of a writ of prohibition and to show cause why the said petition should not issue.[6] While the resolution of this petition was pending, an Appeal By The United States Under Article 62, U.C.M.J., or, in the alternative Petition For An Extraordinary Writ In The Nature Of Mandamus was submitted to this Court by the Government.[7]

I

■ Since 1 August 1984, Article 62, U.C.M.J., allows an appeal by the United States in any trial by court-martial in which a military judge presides and in which a punitive discharge may be adjudged. The article, however, limits the scope of an appeal to any ruling or order made by a military judge which terminates the proceedings with respect to a charge or specification or which excludes evidence that is substantial proof of a fact material in the proceeding. No appeal may be taken by the Government of an order or ruling by the military judge that is, or that amounts to, a finding of not guilty to the charge or specification. *See* R.C.M. 908(a).

In the case before this Court, the Government concedes that the ruling made by the military judge does not clearly fall within either category of ruling or order that may be appealed under Article 62. The Government contends that, although the ruling in this case does not *exclude* evidence that is substantial proof of a fact material in the proceeding, the ruling does substantially *affect* the proof of a fact material to the proceeding "since what the trial judge has done is create a defense which does not exist at law". We are urged "to consider favorably the rationale of the Navy-Marine Corps Court of Military Review in *United States v. Scholz*, 19 C.M.R. 837 (N.M.C.M.R.1984), which held that by enacting Article 62 Congress intended to remove all statutory and common law barriers to government appeals, leav-

ing only constitutional barriers." That Court also went on to say:

> It is not necessary that the evidence suppressed be the only evidence in the case. So long as it is alleged that the evidence is substantial, the Petitioner will come within the appellate court's jurisdiction. If the essence of the appeal expresses the substantial nature of the evidence, the wording of the appeal need not track the statutory, "substantial ...", language. (Citations omitted.)

It is clear to us that neither of the statutory prerequisites for a successful Article 62 appeal has been met in this case. The military judge's ruling being appealed from did not terminate the proceeding with respect to any charge or specification nor did it exclude any evidence that is substantial proof of a fact material in the proceeding. The clear effect of the ruling was not the exclusion of any evidence, but was the imposition upon the Government of the burden of proof regarding the mental responsibility of the accused that the Government thought it did not have but was the accused's burden as a result of the enactment of Article 50a(b) and the amendment to R.C.M. 916(b). For that reason we find the rationale of the Navy-Marine Court of Military Review in *United States v. Scholz, supra,* to be inapposite here as that case dealt with an appeal from a military judge's ruling regarding the *exclusion* of evidence. To the practitioner, exclusion of evidence usually means that the trial judge has made a ruling at the trial proceeding that certain testimony, documentary evidence, or real evidence is inadmissible. "Excludes" is usually a term of art and Congress, in drafting Article 62(a)(1) did not have any different intention. We may not expand on that term in order for it to encompass the situation confronting us in this appeal. Appeals by the Government in criminal cases are unusual, exceptional, and not favored. When enacting Article 62, Congress limited Government appeals

6. On 17 July 1987, this Court denied the Petition For Extraordinary Relief in the Nature of Prohibition and rescinded its previous order temporarily staying the trial proceedings. (Appendix I.)

7. The appeal was timely filed and in accordance with Article 62, U.C.M.J., and R.C.M. 908(b).

to two narrow categories of rulings or orders having the effect of terminating the proceedings. *Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *United States v. Browers*, 20 M.J. 356 (C.M.A.1985); *United States v. Penn*, 21 M.J. 907 (N.M.C.M.R.1986). Accordingly, the appeal by the United States of the military judge's ruling under Article 62, U.C.M.J., is not sustainable.[8]

## II

■ We now turn our attention to the Government's alternative plea for relief, the Petition For An Extraordinary Writ In The Nature Of Mandamus. The All Writs Act gives the federal courts the power to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The writ of mandamus is an extreme document and should be used only in truly extraordinary circumstances. The traditional use of the writ in aid of appellate jurisdiction in the federal courts has been to confine an inferior court to the lawful exercise of its specific jurisdiction or to compel it to carry out its authority when it has a duty to do so. It is clear the invocation of this extraordinary remedy to reverse a discretionary ruling of a military judge will be justified only under exceptional circumstances amounting to more than even gross error, it must amount to a judicial usurpation of power. The party seeking the relief of mandamus has the burden of showing that it has a clear and indisputable right to the issuance of the writ. *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953); *Will v. United States, supra; Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979); *United States v. LaBella*, 15 M.J. 228 (C.M.A.1983); *Satterfield v. Drew*, 17 M.J. 269 (C.M.A.1984); *Harrison v. United States*, 20 M.J. 55 (C.M.A.1985).

Applying these principles to the case before us, we find that the invocation of an extraordinary writ in the nature of mandamus is not justified in this case.[9] When acting on this petition, we do not determine the correctness of the military judge's ruling as we are not at liberty to substitute our judgement for his. We are only to determine whether the military judge's ruling constituted a judicial usurpation of power or was characteristic of an erroneous practice likely to recur. The military judge was, indeed, authorized to rule on the matter in controversy and his action was not contrary to statute, settled decisional law, or valid regulation. *United States v. Dettinger, supra; United States v. Bowlden*, 16 M.J. 878 (A.F.C.M.R.1983).

Chief Judge HODGSON and Judge HOLTE concur.

## APPENDIX I

United States Air Force Court of Military Review

Miscellaneous Docket No. 87–01

United States

v.

Colonel

J. Jeremiah Mahoney,

376–44–1656 FR,

Respondent,

Technical Sergeant

Tommy L. Ramsey,

FR 587–98–5898.

ORDER

Panel No. 1

On consideration of the Petition for Extraordinary Relief in the Nature of a Writ of Prohibition, it is by the Court, this 17th day of July 1987.

---

**8.** On 17 July 1987, this Court, by separate order, denied the appeal by the United States and submitted the record of the proceedings to The Judge Advocate General for remand to the trial judge for resumption of the trial. (Appendix II.)

**9.** On 17 July 1987, this Court by separate order, denied the Petition For An Extraordinary Writ in the Nature of Mandamus. (Appendix II.)

ORDERED:

That the Petition for Extraordinary Relief in the Nature of a Writ of Prohibition is DENIED.

. That this Court's Order of 11 June 1987, temporarily staying the trial proceedings in the general court-martial case of United States v. Technical Sergeant Tommy L. Ramsey is rescinded.

FOR THE COURT
(Seal)
OFFICIAL
/S/ Pamela Howard
Captain, USAF
Chief Commissioner

APPENDIX II

United States Air Force Court of Military Review

COMR No. 87A–02

United States

v.

Technical Sergeant

Tommy L. Ramsey,

FR 589–98–5898.

ORDER

Panel No. 1

On consideration of the appeal by the United States under Article 62, U.C.M.J., or in the alternative, Petition for an Extraordinary Writ in the Nature of a Writ of Mandamus, it is on this 17th day of July 1987.

ORDERED:

That the appeal by the United States under Article 62, U.C.M.J., and Petition for an Extraordinary Writ in the Nature of a Writ of Mandamus are denied.

That the record of the proceedings be submitted to The Judge Advocate General for remand to the trial judge for resumption of the trial.

The formal opinion of this Court in this matter will be released at a later date.

FOR THE COURT
(Seal)

OFFICIAL:
/s/ Pamela Howard
Captain, USAF
Chief Commissioner