James E. SMITHEE, 416 94 1930,
Former Seaman Apprentice U.S.
Coast Guard

v.

Rear Admiral Joseph E. VORBACH,
Chief Counsel, U.S. Coast Guard.

Misc. Docket No. 001–87.

U.S. Coast Guard Court of
Military Review.

28 Oct. 1987.

Counsel for Petitioner: CDR Terrance M. Edwards, USCG.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS

BRIDGMAN, Judge:

A petition for extraordinary relief in the nature of a writ of mandamus has been filed with this Court by former Coast Guard Seaman Apprentice James E. Smithee. The petition indicates that Seaman Apprentice Smithee was tried by special court-martial on 18 and 19 October 1982 and, pursuant to his pleas of guilty, was convicted of three specifications alleging wrongful use of marijuana. He was sentenced to two months restriction, two months extra duty and forfeiture of $400.00 per month for three months. The sentence was approved and ordered executed by the convening authority on 23 December 1982 and then approved by the officer exercising general court-martial jurisdiction on 9 March 1983. Subsequently, on March 16, 1987, the accused submitted an application for relief under Article 69,

Uniform Code of Military Justice, 10 U.S.C. § 869, to the Chief Counsel of the Coast Guard, challenging the jurisdiction of the trial court on the basis that the convening authority was an accuser, a contention that was not asserted at trial.

Among other grounds for relief, Article 69(b) provides that the findings or sentence may be modified or set aside on the basis of "lack of jurisdiction over the accused or the offense"; however, this relief is constrained by the provision that "the application must be filed ... by the accused on or before the last day of the two-year period beginning on the date the sentence is approved [by the convening authority], unless the accused establishes good cause for failure to file within that time." The Chief Counsel concluded that he would not consider the application because good cause for failure to file within the two year time limit had not been established. Petitioner now seeks from this Court a writ of mandamus directing the Chief Counsel of the Coast Guard to either conduct a substantive review of Petitioner's conviction pursuant to Article 69, Uniform Code of Military Justice or to set aside the conviction and dismiss the charge and specifications.

In seeking this writ with respect to a special court-martial which does not qualify for review by this Court under either Article 66, 10 U.S.C. § 866 or Article 69, Uniform Code of Military Justice, petitioner asserts jurisdiction on the basis of general supervisory authority over inferior courts and the military justice system itself, citing *McPhail v. United States,* 1 M.J. 457 (CMA 1976), *Hollywood v. Yost,* 20 M.J. 785 (CGCMR 1985) and *Ussery v. United States,* 16 M.J. 885 (AFCMR 1983). Petitioner argues that this Court has inherent jurisdiction to entertain and order the relief requested "as the 'highest' Coast Guard tribunal within the Military Justice system, to exercise its supervisory authority over the system itself and over a subordinate within the criminal appellate process, Re-

spondent Chief Counsel of the Coast Guard."

The U.S. Court of Military Appeals has found that it possesses such authority and has exercised that power in at least one case which did not otherwise qualify for review under the express terms of Article 67, Uniform Code of Military Justice, 10 U.S.C. § 867. *McPhail v. United States, supra.* In a later case, the Court of Military Appeals expressly held that Courts of Military Review possess extraordinary writ authority, and in somewhat similar language, arguably found comparable jurisdiction for our courts. *Dettinger v. United States,* 7 M.J. 216 (CMA 1979). Assuming, without deciding, that this Court possesses the same power that was exercised by the Court of Military Appeals we do not find it appropriate to do so in the case before us.

■■■ We adopt the principles recently annunciated by the United States Air Force Court of Military Review

> The writ of mandamus is an extreme document and should be used only in truly extraordinary circumstances. The traditional use of the writ in aid of appellate jurisdiction in the federal courts has been to confine an inferior court to the lawful exercise of its specific jurisdiction or to compel it to carry out its authority when it has a duty to do so. It is clear the invocation of this extraordinary remedy to reverse a discretionary ruling of a military judge will be justified only under exceptional circumstances amounting to more than even gross error, it must amount to a judicial usurpation of power. The party seeking the relief of mandamus has the burden of showing that it has a clear and indisputable right to the issuance of the writ. (Citations omitted).

*United States v. Mahoney,* 24 M.J. 911, 914 (AFCMR 1987)

■■■ Although alleging a jurisdictional defect as the underlying basis,[1] the essence

---

1. We note that the jurisdictional error alleged is not of constitutional dimension. *Cf. McPhail v.*

*United States, supra.*

of this petition is an appeal from the discretionary act of the Coast Guard's Chief Counsel. The Chief Counsel was, by the express terms of Article 69, authorized to determine whether good cause exists for filing a delayed application for review. His action was not unconstitutional or contrary to statute or settled decisional law. We will not not substitute our judgment for his. *United States v. Mahoney, supra.*

Judges BURGESS, JOSEPHSON and BARRY concur.[*]

---

[*] Chief Judge Baum disqualified himself from participation in this decision.