UNITED STATES

v.

Technical Sergeant Tommy L. RAMSEY, FR 587–98–5898, United States Air Force.

ACM 26524.

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Aug. 1987.

Decided 12 May 1988.

See also 24 M.J. 911.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Lynne H. Wetzell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant pleaded guilty to an assault with a dangerous weapon, carrying a concealed weapon, i.e., a knife, resisting apprehension, and various drug offenses involving the distribution, possession and use of marijuana. A pretrial agreement limited the punishment to a dishonorable discharge, 14 years confinement, total forfeitures and reduction to airman basic.

The appellant argues that he was denied his right to a speedy trial since his pretrial confinement exceeded 90 days. *See* R.C.M. 707(d). To assess this assertion properly it is necessary to relate the key events that began on 6 February 1987, the day he was placed in pretrial confinement, and ended on 17 August 1987 when he entered a guilty plea, a period of 193 days from which certain delays are excluded. *See* R.C.M. 707(c). The trial judge, in ruling on the speedy trial motion, made essential findings which, summarized, state:

6 February 1987 Appellant placed in pre-trial confinement.

7 February 1987 Appellant attempted suicide.

7 February 1987 Defense requests delay until 17 March 1987, in order to obtain individual defense counsel.

9 February 1987 Mental examination of appellant begins.

19 February 1987 Mental examination completed.

17 March 1987 Defense delays pretrial investigation until 18 March 1987.

18 March 1987 Pretrial investigation begins.

23 March 1987 Pretrial investigation ends.

1 April 1987 Defense delay until 16 April 1987, to enter into pretrial negotiations.

24 April 1987 Trial set for 7 May 1987.

4 May 1987 Defense delays trial until 8 June 1987.

9 June 1987 Trial begins.

10 June 1987 Military judge rules that the recently enacted Article 50a, U.C.M.J. pertaining to the defense of lack of mental responsibility could not be applied in determining any sanity issue that might arise in the case even though its enactment predated the affected charges.

11 June 1987 Air Force Court of Military Review issues a temporary restraining order in response to a government Petition For Extraordinary Relief in the Nature of a Writ of Prohibition. While the writ of prohibition is pending, the government also files an Appeal by the United States under Article 62, U.C.M.J. *See* R.C.M. 908.

17 July 1987 Order temporarily staying appellant's trial is rescinded.

17 July 1987 Trial rescheduled for 22 July 1987.

22 July 1987 Defense delays trial until 17 August 1987.

17 August 1987 Appellant pleads guilty.

The trial judge ruled that the government's pretrial accountability was only 35 days after excluding those periods resulting from defense delays, the mental examination of the accused, pretrial motions, and proceedings filed by the government under R.C.M. 707(c)(1)(A), (C), (D), and (E), and R.C.M. 908. Appellate defense counsel argue that since the prosecution requested a 72 hour continuance when faced with an adverse ruling from the trial judge, it is apparent that they were not ready for trial as of 10 June and therefore the government is accountable for the delay from 7

May 1987, the initial trial date, to 10 June 1987. Further, appellate counsel contend that the government's action in seeking a temporary restraining order to stay the proceeding "... was filed solely for the purpose of delay and with the knowledge that [it was] frivolous and without merit." Accordingly, the defense asserts that the delay from 12 June 1987 to 21 July 1987, is also accountable to the government. The trial judge found these assertions meritless, and so do we.

That an appeal is unsuccessful does not make it frivolous. A frivolous appeal is one where the law is so clear and well-established that continued litigation is evidence of bad faith. *Reid v. United States*, 715 F.2d 1148 (7th Cir.1983). We note that R.C.M. 707(c)(1)(D) applies the "totally frivolous and without merit" standard to appeals under R.C.M. 908 and not to petitions for extraordinary relief. However, we do not decide the "frivolous appeal" issue on that basis. At the time the government sought an interlocutory ruling on the trial judge's decision as to availability of the lack of mental responsibility defense, the question was one of first impression. *See United States v. Mahoney (Technical Sergeant Tommy L. Ramsey, Real Party in Interest)*, 24 M.J. 911 (A.F.C.M.R.1987). That we ruled against the government does not mean that the outcome was obvious or that the arguments advanced were without merit. *Kehr v. Smith Barney, Harris and Co.*, 736 F.2d 1283 (9th Cir.1984). To invoke the sanctions mandated by R.C.M. 707(c)(1)(D), which makes the government accountable for the period involved, the appeal must advance legal points not arguable on their merits. Here the government had an arguable position which did not prevail. The trial judge correctly denied the speedy trial motion. The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.