## UNITED STATES

v.

**Lawrence E. MASCHINO, Jr., 561 35 7697, Operations Specialist Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 90 0392.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 19 Aug. 1990.

Decided 18 Oct. 1990.

LT Mary Anne Razim, JAGC, USNR, Appellate Defense Counsel.

LT L. Lynn Jowers, JAGC, USN, Appellate Government Counsel.

Before ALBERTSON, LANDEN and STRICKLAND, JJ.

LANDEN, Judge:

In a case involving mixed pleas, appellant was convicted at a general court-martial, military judge alone, of violations of Articles 86 (unauthorized absence), 121 (larceny), 123 (forgery), 123a (insufficient fund checks), and 134 (intentionally defrauding another), Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, 923, 923a and 934, respectively. He was sentenced to confinement for eighteen months, forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence.

Appellant contends he was denied a speedy trial and for sixteen months he lived under a cloud of suspicion. Charges were originally preferred against appellant on March 11, 1988, and he was tried in August of 1989. During this period of time, preferred charges were twice dismissed by the convening authority. Additionally, once charges in the present case were preferred, there were several months of defense requested delay, in addition to delay resulting from appellant's change of counsel, and

delay resulting from an inquiry into the mental capacity of the accused pursuant to Rule for Courts–Martial (R.C.M.) 706, Manual for Courts–Martial, United States, 1984. After examining the evidence presented on the motion, we concur with the military judge that under the facts of this case the appellant was not denied a speedy trial.[1]

■ As to the second assignment of error, we have considered the serious nature of the offenses of which the appellant was convicted, the evidence presented during trial, and the matters presented during sentencing. We find the sentence as approved on review below appropriate.

There are several hundred pages of exhibits in this case [2] and we note a number of mistakes in the handling of these exhibits.[3] Although they are not prejudicial to the appellant, do not require corrective action, and the record as a whole meets the requirements of R.C.M. 1103(b)(2), we believe the problems involving the exhibits could have been avoided. We suggest the following procedures to ensure clarity for our review in future cases:

1. That exhibits be numbered/lettered in the order in which they are brought before the court;

2. That prosecution exhibits be numbered and defense exhibits be lettered;

3. That once an exhibit is given a number/letter for identification, that number/letter be retained whether or not it is accepted into evidence;

4. That, if an exhibit is not accepted or offered into evidence, the number/letter of the exhibit and the words "for identification" be retained and included as part of the record of trial;

5. That an appellate exhibit remain an appellate exhibit, and if counsel subsequently desire to introduce into evidence the same document as an exhibit on the merits or on sentencing, then a copy of the document be given a number/letter and treated as any other prosecution or defense exhibit. (In such situations, the exhibit will be a prosecution or defense exhibit *and* an appellate exhibit.); and

6. That if an exhibit is numbered/lettered in error, the situation be set forth on the record and the correct exhibit be substituted for the incorrect exhibit. (The incorrect exhibit should then be attached to the record as an appellate exhibit).

Adhering to the foregoing procedure in the handling of exhibits will assist not only the trial participants, but will provide an orderly audit trail for reviewing authorities.

The findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge ALBERTSON and Judge STRICKLAND concur.

---

1. In *United States v. Ramsey,* 28 M.J. 370, 371 (C.M.A.1989), the Court of Military Appeals commended to trial participants a format for setting out a chronology when there is a speedy trial issue. We, too, commend this clear and succinct format to trial and appellate participants and strongly recommend that the format recommended in *Ramsey* be employed in future cases.

2. There are 80 prosecution exhibits, 16 defense exhibits, and 35 appellate exhibits.

3. Prosecution Exhibit 77 is missing from the record of trial. Prosecution Exhibits 26 and 66 for identification were withdrawn by the Government and those numbers reused. Appellate Exhibit XXXII was withdrawn as an appellate exhibit and ultimately admitted as Prosecution Exhibit 26.