**UNITED STATES, Appellee,**

v.

**Darryl L. BILLINGSLEY, 455 25 3314, Airman Apprentice (E–2), U.S. Naval Reserve, Appellant.**

**NMCM No. 89 4233.**

U.S. Navy–Marine Corps Court of Military Review.

31 Dec. 1990.

LT Wade W. Parrish, JAGC, USNR, Appellate Defense Counsel.

LT William R. Sprance, JAGC, USNR, Appellate Government Counsel.

FREYER, Judge:

The petitioner was convicted, in accordance with his negotiated pleas, of two assaults consummated by batteries on each of two individuals in separate incidents, and of wrongful use of provoking words on two occasions. He was sentenced to be reduced to pay grade E–1, to forfeit $447.00 per month for three months, to be confined for 90 days, and to be discharged from the service with a bad-conduct discharge. He has petitioned the Judge Advocate General of the Navy for a new trial on the ground that newly discovered evidence which materialized after the trial casts doubt upon his mental responsibility at the times of the offenses. *See United States v. Dock*, 28 M.J. 117 (C.M.A.1989). As the case is pending before this Court, the Judge Advocate General has duly referred the petition to us for decision.

Because of the state of the law regarding mental responsibility at the time of Dock's crimes, *Dock* imposed a "beyond a reasonable doubt" standard on two levels: In order to deny a petitioner a new trial when confronted with evidence suggesting lack of mental responsibility, an appellate court must be "convinced beyond a reasonable doubt that a different result would not obtain if the trier of fact had this new evidence before it"; and, since a "different result" would obtain under the law at that time if the new evidence merely raised in the trier of fact a reasonable doubt as to such petitioner's mental responsibility, the appellate court was required to find beyond a reasonable doubt that the trier of fact would have no reasonable doubt of such petitioner's mental responsibility notwithstanding the new evidence.

■ Under the law in effect when our petitioner committed his offenses, lack of mental responsibility was, and is, an affirmative defense as to which the accused has the burden of persuasion by clear and convincing evidence. Article 50a, Uniform Code of Military Justice, 10 U.S.C. § 850a; *United States v. Ramsey*, 28 M.J. 370

(C.M.A.1989). When *Dock* is applied under the new law, we think that the first level of "beyond a reasonable doubt" remains, *i.e.*, that *this Court* still must be convinced beyond a reasonable doubt; but what we must be convinced of beyond a reasonable doubt has changed. No longer is it that the trier of fact would have no reasonable doubt of the petitioner's mental responsibility; now we must be convinced beyond a reasonable doubt that the petitioner could not persuade the trier of fact of his lack of mental responsibility by clear and convincing evidence. In other words, as long as this Court is convinced beyond a reasonable doubt that the combination of old and new evidence would fail to establish by clear and convincing evidence, in the mind of a reasonable trier of fact, the appellant's lack of mental responsibility, we should now deny the petition for a new trial with respect to offenses occurring on or after 14 November 1986.

■ The new evidence does, indeed, clearly and convincingly establish that, over the time period during which the offenses were committed, the petitioner was suffering from a mental disease. It falls far short, however, of establishing that such mental disease was operative at the specific times when the offenses were committed, or that it rendered the petitioner any less than fully responsible for his misconduct. In the Escareno incident, the petitioner was the victim of violence by Escareno and was initially defending himself and then retaliating against his attacker. In the Garven incident, the petitioner reacted in a not uncommon way to a provocative racial slur and then to being pushed by Garven. Both his responses in the providence inquiry and the scenarios he related bespeak rationality, if not social or legal acceptability. At no time before or during the trial did he attribute his apparently rational actions in this case to hallucinations, "voices," or any other abnormal mental processes. Only after conviction does he seize upon diagnoses of mental problems to justify misconduct which previously was fully understandable by himself, his counsel, the military judge, and others in

conventional terms. The same is true of his use of provoking or reproachful words when apprehended by a female master-at-arms and when served with additional charges. For all these reasons, opinions based on the petitioner's post-conviction statements seeking to attribute his conduct to mental disease can be expected to carry little, if any, weight.

■ Accordingly, we are convinced beyond a reasonable doubt that a reasonable trier of fact, if presented with all available evidence, old and new, would not find by clear and convincing evidence that the petitioner lacked mental responsibility at the times of his offenses. Nor would "partial mental responsibility" be any defense, because none of the offenses of which the petitioner stands convicted requires more than a general criminal intent, *cf. Ellis v. Jacob*, 26 M.J. 90 (C.M.A.1988). The petition fails to set forth sufficient grounds upon which a new trial should be granted, and it is, therefore, denied.

The appellant shall have 30 days from the date of this decision in which to file assignments of error.

Senior Judge MITCHELL and Judge HOLDER concur.