**Master Sergeant Robert E. RHEA, Petitioner,**

v.

**Major Edward STARR, Military Judge, Respondent.**

**Misc. No. 88–03.**

U.S. Air Force Court of Military Review.

31 May 1988.

Before HODGSON, FORAY and
HOLTE, Appellate Military Judges.

## DECISION

PER CURIAM:

We have before us a Petition For Writ
Of Extraordinary Relief wherein the peti-
tioner asks that we determine, as a matter
of law, that the trial judge erred in denying
a defense motion to suppress evidence de-
scribed as a 1986 wall calendar entitled
"Dogs Are People Too." We decline to
grant the relief sought.

I

On 16 December 1987, the petitioner was
charged with rape, sodomy and indecent
acts. Prior to this, his detailed military
counsel asked the petitioner to assist them
in determining the motivation of the prose-
cutrix in making allegations of sexual mis-
conduct against him. To this end, he gave
his counsel several documents including a
1986 wall calendar "Dogs Are People Too."
The documents, including the calendar,
were stored in a box in their office.

During the pretrial investigation hearing
held on 8 January 1988, the prosecutrix
testified she had made annotations on the
wall calendar described above. Thereafter,
the government obtained an authorization
to search the petitioner's residence in an
attempt to seize the calendar. The search
was not successful. At the same time,
defense counsel searched the box men-
tioned above and found the calendar that
had been referenced in the pretrial hearing.

Although both defense counsel were con-
vinced that the calendar was not the fruit
or instrumentality of a crime, and therefore
did not subject them to an independent
legal or ethical duty to disclose its where-
abouts, they requested guidance from their
state bar associations on their ethical obli-
gations, if any, to give the document to the
government. Both bar associations sug-
gested that they bring the matter to the
attention of the trial judge.

On 5 January 1988, defense counsel re-
quested an ex parte hearing with the trial
judge, which was granted. After being
apprised of the situation, the trial judge
issued an order directing the defense to
turn over the calendar to the government.
Both counsel complied with the court's or-
der, and thereafter the petitioner asked
that they be relieved and new counsel as-
signed. This was done.

During the Article 39(a) session held on
13 April, petitioner's new counsel asked the
military judge to recuse himself because of
his involvement in compelling the former
defense counsel to release the calendar to
the government. The trial judge recused
himself and a new judge was appointed.
After the second trial judge denied the
petitioner's motion to suppress the intro-
duction of the calendar into evidence, a
continuance was granted to the defense to
petition for a writ of extraordinary relief.

II

The petitioner argues that because of the
trial judge's erroneous ruling in admitting

the wall calendar "there is a strong likelihood" that an unjust conviction and subsequently lengthy confinement will result. He further asserts that he is in ill health, i.e., a heart condition and might "die or suffer incapacitating physical illness before his appeal" could be heard during the ordinary course of appellate review. See Rule 20(a)(7), *Rules of the Courts of Military Review*, 22 M.J. CXXXV. He contends the issues raised by his counsel during the suppression hearing involve the authority of the military judge to rule on questions of legal ethics. Accordingly, a need exists for an appellate court to provide clear guidance in this area. The issues the petitioner seeks us to address at this point in the proceedings are:

## A

WAS THE CALENDAR THE FRUIT OR INSTRUMENTALITY OF A CRIME THAT WOULD CREATE AN INDEPENDENT LEGAL AND/OR ETHICAL OBLIGATION ON THE PART OF DEFENSE COUNSEL TO SURRENDER THE CALENDAR TO THE GOVERNMENT?

## B

ARE EX PARTE HEARINGS WITH COUNSEL TO DETERMINE THEIR ETHICAL OBLIGATIONS AUTHORIZED?

## C

ARE RULINGS AND JUDICIAL ORDERS BASED SOLELY ON THE ETHICAL OBLIGATIONS OF COUNSEL WITHIN THE JURISDICTION OF A MILITARY JUDGE?

## D

WAS THE RULING CORRECT AS A MATTER OF LAW?

## E

DID THE DEFENSE COUNSEL VIOLATE THEIR LEGAL AND ETHICAL OBLIGATIONS TO THEIR CLIENT BY DISCLOSING TO A THIRD PARTY, THE MILITARY JUDGE, THE CIRCUMSTANCES BY WHICH THEY CAME INTO POSSESSION OF THE CALENDAR BY COMPLYING WITH THE JUDICIAL ORDER COMPELLING PRODUCTION OF THE CALENDAR TO THE GOVERNMENT?

## III

 A writ of extraordinary relief is an extreme remedy and should be granted only in truly extraordinary circumstances. It is for this reason that the party seeking the writ has the burden of showing it has a clear and indisputable right to its issuance. *United States v. Mahoney (Technical Sergeant Tommy L. Ramsey, Real Party in Interest)*, 24 M.J. 911 (A.F.C.M.R.1987). A motion to suppress evidence is an interlocutory matter addressed to the discretion of the trial judge and his decision will be reviewed on a test of abuse of discretion as are other decisions on interlocutory rulings. We agree with the petitioner that his challenge to the admission of the wall calendar involves an area of the law not previously addressed by an appellate military court. It is for this very reason that the trial judge's ruling admitting the evidence was not contrary to statute, *settled decisional law,* or valid regulation. *See Dettinger v. United States,* 7 M.J. 216 (C.M.A.1979). We ask counsel to remember that invocation of the extraordinary writ power is a last resort, not a first thought. *DeChamplain v. United States,* 46 C.M.R. 1329 (C.M.A.1973). The questions raised by the petitioner during the suppression motion are unique. However, they fall within the category of those matters that can most appropriately be addressed at trial and during the ordinary course of appellate review. *Harrison v. United States,* 20 M.J. 55 (C.M.A.1985). The Petition For Writ Of Extraordinary Relief is

DENIED.