Sergeant Tyrone R. PORTER,
364–58–4346, U.S. Army,
Petitioner,

v.

Colonel Howard C. EGGERS, Chief
Trial Judge and the United States
of America, Respondents.

ACMR MISC 9002645.

U.S. Army Court of Military Review.

28 Dec. 1990.

For Petitioner: Major Michael J. Kelleher, JAGC, Captain Gregory A. Gross, JAGC, Captain Holly K. Desmarais, JAGC (on brief).

For Respondents: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Gary A. Khalil, JAGC (on brief).

Before FOREMAN, HAESSIG and GRAY, Appellate Military Judges.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS

FOREMAN, Senior Judge:

Petitioner applied to this court for extraordinary relief in the nature of a writ of mandamus directing the respondent, Colonel Howard C. Eggers, Military Judge in the court-martial of *United States v. Tyrone R. Porter*, Sergeant, United States

Army, to dismiss the charge and the specification against petitioner on the grounds of: (1) lack of jurisdiction, and (2) violation of the speedy trial provisions of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 707 [hereinafter R.C. M.].

As the result of a traffic incident in Panama City, Republic of Panama, which resulted in the death of a Panamanian, the petitioner was charged with involuntary manslaughter in violation of Article 119, Uniform Code of Military Justice, 10 U.S.C. § 919 (1982). The case was referred to a general court-martial on 5 April 1990. On 19 July 1990, at a hearing pursuant to Article 39(a), Uniform Code of Military Justice [hereinafter UCMJ], the military trial judge (the respondent), denied petitioner's pretrial motions to dismiss for lack of jurisdiction and denial of speedy trial. Petitioner requested, and the military judge granted, leave to petition this court for extraordinary relief.

The petitioner claims that, "The relief sought cannot be obtained during the ordinary course of appellate review because (1) petitioner will be prejudiced in a way that is not correctable on appeal by having to endure a trial on the merits and suffer possible punishment when the government has no right to try him at all; (2) petitioner has no other adequate means to obtain the relief sought; (3) the rulings of the military judge are erroneous on issues that could readily recur [citation omitted]; and, (4) petitioner has a strong argument that the Government has no right to try him at all [citation omitted]."

■ The petitioner claims that the court-martial lacks jurisdiction because the United States failed to follow proper procedures to procure a waiver of jurisdiction from the Panamanian government and because the purported waiver of jurisdiction on behalf of Panama was granted by an official who lacked the requisite authority. The petitioner lacks standing to contest the determination that the United States rather than Panama will exercise jurisdiction. *United States v. Evans*, 6 M.J. 577 (A.C.M. R.1978), *petition denied*, 6 M.J. 239 (C.M.

A.1979); *United States v. Bowie*, 34 C.M.R. 808 (A.F.B.R.1964). We, nevertheless, ordered that the proceedings in petitioner's case be stayed because of our determination that this court has extraordinary writ jurisdiction to review a speedy trial issue. *Hall v. Thwing*, 30 M.J. 583 (A.C.M.R.1990).

■ A writ of mandamus is a drastic remedy which should be invoked only in truly extraordinary situations. It is designed to confine a lower court to the lawful exercise of its prescribed jurisdiction. *Harrison v. United States*, 20 M.J. 55, 57 (C.M.A.1985). Such a drastic remedy is justified only under exceptional circumstances amounting to more than gross error; it must amount to a judicial usurpation of power. *United States v. Mahoney*, 24 M.J. 911, 914 (A.F.C.M.R.1987). In reviewing a petition for extraordinary relief, we are not at liberty to substitute our judgment for that of the trial judge. *United States v. Bowlden*, 16 M.J. 878 (A.F.C.M.R. 1983) citing *United States v. Pereira*, 13 M.J. 632 (A.F.C.M.R.1982). Instead, we must determine whether the trial judge exceeded his authority and ruled contrary to statute, settled decisional law or valid regulation. *Id.* at 878 citing *Dettinger v. United States* 7 M.J. 216 (C.M.A.1979); *United States v. Labella*, 14 M.J. 688 (N.M. C.M.R.1982); *United States v. Pereira*, 13 M.J. at 635. Based upon this body of law, we have determined that we are not at liberty to consider matters outside the record of trial as urged by the government, but must instead confine our determination solely to the facts that the military trial judge had before him in making his determination to deny petitioner's motion to dismiss for lack of speedy trial.

The following are the facts pertinent to the motion to dismiss for lack of speedy trial as set forth in the record of trial and the appellate exhibits appended to the record of trial:

1. On 2 February 1990, petitioner was accused of operating a motor vehicle while drunk in the town of San Francisco, Panama, and of striking and killing a Panamanian citizen, with his vehicle. Pe-

titioner was apprehended and taken into physical custody by military authorities on the evening of 2 February 1990, and was held until the next day, 3 February 1990.

2. Under Article VI of the "Agreement in Implementation of Article IV of the Panama Canal Treaty", Panama has the primary right to exercise jurisdiction in petitioner's case, and requests for waiver of that jurisdiction "may" be discussed in the Joint Committee.

3. The Joint Committee was automatically disassembled on 20 December 1990, the day that Operation Just Cause began, and did not reassemble until sometime in March 1990.

4. The United States submitted a document entitled "Request for Waiver of Jurisdiction" on 8 February 1990 to the Attorney General of the Republic of Panama (the Fiscalia Auxiliar).

5. Subsequent to submitting the "Request for Waiver of Jurisdiction," on 26 February 1990, the government took the following actions on petitioners case: the charge was preferred against petitioner and was forwarded with recommendations as to disposition; an Article 32(b), UCMJ, investigating officer was appointed on 2 March 1990; the Article 32(b), UCMJ, hearing was held on 23 March 1990; the Article 32(b), UCMJ, Investigating Officer's Report was completed on 29 March 1990; the charges were referred on 5 April 1990; the petitioner was served with a copy of the referred charges on 24 April 1990; a conference was held pursuant to Rule for Courts–Martial 802 on 29 May 1990; a corrected copy of the "Request for Waiver of Jurisdiction" dated 8 February 1990 was submitted to the Fiscalia Auxiliar on 8 June 1990; an Article 39(a) session was held to resolve motions on the scheduled date of trial, 19 July 1990.

6. In an effort to keep his case under Panamanian jurisdiction, petitioner filed motions to set bail and contest subject matter jurisdiction in the 4th Municipal Court of Panama on 14 March 1990.

7. Subsequent to the filing of petitioner's motions the Panamanian court system took the following actions: the Municipal Court set bail on 22 March 1990; a request to determine jurisdiction was filed with the Municipal Court on 11 May 1990; the Municipal Court ruled it has no authority to determine jurisdiction on 21 May 1990.

8. On 18 June 1990, a decision purporting to waive jurisdiction on behalf of Panama was rendered by the Fiscalia Auxiliar.

9. On 6 July 1990, the Panama Supreme Court ordered the Fiscalia Auxiliar to report to the Supreme Court its actions on the decision of the Fiscalia Auxiliar dated 19 June 1990 to determine compliance with the Panamanian Constitution.

Based on these facts the military trial judge found the period between 24 April 1990 (the date the referred charges were served on petitioner) through 18 June 1990 (the date the Fiscalia Auxiliar waived jurisdiction) to be defense delay (a total of 55 days). The military trial judge found that the date of government accountability was 3 February 1990, however, the petitioner concedes that the military judge was wrong and that government accountability began on 26 February 1990, the date that the petitioner was notified that charges were being preferred. We agree. R.C.M. 707(a)(1). The number of days which elapsed between 26 February 1990 and 19 July 1990, when the petitioner was arraigned is 143 days.

Unlike *United States v. Young*, 1 M.J. 71 (C.M.A.1975) and *Hall v. Thwing*, this case does not involve negligence or dilatory actions on the part of the government. Rather, the government proceeded expeditiously. The military judge held the petitioner accountable for the time from service of the referred charge on 24 April 1990, until Panama waived jurisdiction on 18 June 1990 (a total of 55 days). The evidence amply demonstrates that the delay in the proceedings after service of the referred charge was due to petitioner's contest of jurisdiction in the Panamanian court system. Periods of delay resulting from "other proceedings in the case" are exclud-

able. R.C.M. 707(c)(1). Hence, we find that the petitioner has failed to establish that the trial judge exceeded his authority or that he ruled contrary to statute, settled decisional law or valid regulation.

Accordingly, we hold that the petitioner has not established grounds warranting extraordinary relief in this case. The petition is denied and the stay of the proceedings ordered by this court is dissolved.

Judge HAESSIG and Judge GRAY concur.