Robert R. **COFFEY** 022–46–4660 Boatswain's Mate Chief (E–6) U.S. Navy, Petitioner,

v.

**COMMANDING OFFICER, USS CHARLESTON (LKA 113), Secretary of the Navy; Chief, Bureau of Personnel Command, Respondent.**

NMCM No. 912672 M.

U.S. Navy–Marine Corps Court of Military Review.

Decided 29 Oct. 1991.

LT Mary L. Livingston, JAGC, USNR, Appellate Defense Counsel.

LT P.R. Clements, JAGC, USNR, Appellate Defense Counsel.

LT Thomas E. Wallace, JAGC, USNR, Appellate Defense Counsel.

Capt Dwight H. Sullivan, USMC, Appellate Defense Counsel.

LCDR Lawrence W. Muschamp, JAGC, USN, Appellate Government Counsel.

Before JONES, Senior Judge, and REED and LAWRENCE, Judges.

Petitioner seeks extraordinary relief in the nature of a writ of mandamus countermanding all orders effecting a vacation of a suspended sentence resulting from a previous special court-martial.

On 21 June 1990 petitioner was convicted by special court-martial for a variety of offenses under the Uniform Code of Military Justice (UCMJ), the nature of the offenses being unimportant to the relief petitioner seeks. At his court-martial, petitioner was sentenced to restriction for sixty days; forfeiture of $500.00 pay per month for five months; and reduction to pay grade E–6. A pretrial agreement required that all confinement in excess of 37 days and all forfeitures in excess of $200.00 pay per month for 2 months be suspended for a period of 12 months from the date of trial. It allowed any reduction to be approved. In his action of 20 August 1990, the convening authority not only suspended applicable portions of the restraint and the forfeitures, but also the reduction in pay grade:

> In the case of Boatswain's Mate Chief Robert R. Coffey, U.S. Navy, on active duty, 022–46–4660, the sentence is approved and will be executed, forfeiture of pay of $200.00 a month for 2 months and restriction for a period of 37 days, any part of the sentence extending to reduction in rate to E–6, any forfeiture of pay in excess of $200.00 a month for 2 months and restriction in excess of 37 days, is suspended for 12 months, at which time, unless the suspension is sooner vacated, the suspended part of the sentence will be remitted without further action.

On 11 July 1991, the convening authority, as a result of alleged violations of the UCMJ by petitioner and for which petition-

er was referred to an Article 32, UCMJ, investigation, issued an order vacating that portion of the suspension extending to the reduction to pay grade E–6. Petitioner argues the suspended portion of his sentence has been automatically remitted and that the vacation by the convening authority is legally impermissible. He asks that this court countermand any and all orders effecting the vacation of the suspended portion of the sentence, indicating failure to promptly do so will harm him if the current charges for which the Article 32 Investigation was conducted are referred to trial by court-martial. He alleges that this court has jurisdiction to consider this matter pursuant to the All Writs Act,[1] 28 U.S.C. § 1651(a), and to grant extraordinary relief. *Unger v. Zemniak*, 27 M.J. 349 (C.M.A.1989). We have considered the briefs and court requested oral arguments of the parties in this case.

▉ The UCMJ provides a normal appeal process whereby appellant can seek the relief he now requests by extraordinary writ from this court—Article 69, UCMJ, 10 U.S.C. § 869. Appellant has made no use of this statutory process. Rather, he argues that to do so would be a fruitless exercise and that this Court should therefore assume jurisdiction over appellant's petition pursuant to the All Writs Act. We need not reach the question whether extraordinary writ jurisdiction over this action lies with us, for we believe the Judge Advocate General pursuant to Article 69, UCMJ, is charged with the responsibility for dealing with petitioner's claim in the ordinary course of appellate review.

▉ The United States Supreme Court has noted that where a statute specifically addresses an issue, it is that statute which controls and not the All Writs Act:

Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bureau of Correction v. U.S. Marshals,* 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189, 197 (1985).

The petition for extraordinary relief in the nature of a writ of mandamus is therefore denied.

LAWRENCE, Judge (concurring):

I concur in the result because I find that this Court has no jurisdiction over this petition.

---

1. The All Writs Act provides that "The Supreme Court and all Courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law".