UNITED STATES, Respondent,

v.

Major Terrald J. LEMOINE 433–56–5426, USAF, Petitioner.

Misc. Dkt. No. 92–03.

U.S. Air Force Court of Military Review.

13 May 1992.

Before LEONARD, RIVES, and JAMES, Appellate Military Judges.

OPINION OF THE COURT

JAMES, Judge:

Petitioner informs us that he is an "ART," which we take to mean an Air Reserve technician, *see* 32 U.S.C. § 709 (1988), and that he is a member of the Louisiana Air National Guard. He was ordered to active duty with the Air Force in his capacity as a member of the Air Force Reserve. *See* 10 U.S.C. § 101(22), 32 U.S.C. § 101(12) (1988). As a consequence, he was relieved from duty with the Air National Guard, 32 U.S.C. § 325(a). He was apparently also separated from his employment as a technician (at least temporarily), perhaps under 32 U.S.C. § 709(e)(1). While on active duty, he is alleged to have committed the offense of which he has now been convicted by a general court-martial. The sentence adjudged included a dismissal but no confinement. The convening authority approved it, and petitioner was then required to take leave pending appellate review. *See* Article 76a, UCMJ, 10 U.S.C. § 876a (1988). He now complains that he remains on active duty even though on leave and is therefore unable to resume his employment as an Air Reserve technician. He represents that he has asked the Commander, Twelfth Air Force (also the convening authority), to release him from ac-

tive duty but that the commander refused. Accordingly, he brings this petition for extraordinary relief in the nature of mandamus. The petition fails for several reasons.

■ First, it is untimely filed. Our Internal Rules require that a petition for extraordinary relief be filed within 20 days after the event of which the petitioner complains. Int. Rule 5–2, as amended effective 23 January 1992.[1]

■ Second, the petitioner fails to show that the act he seeks is ministerial and not discretionary. It appears on the face of the petition to be discretionary, and mandamus is not available to compel either a judicial or executive officer to exercise discretion in such a way as to reach a particular result.[2] *See United States v. Wade*, 15 M.J. 993, 995 (N.M.C.M.R.1983); *see also United States v. Eubank*, 12 M.J. 752, 756 (A.F.C.M.R.1981). Accordingly, the petition does not set forth grounds on which the remedy sought would be available. 55 C.J.S. *Mandamus* §§ 63, 72, 132 (1948).

■ Third, the petitioner makes no pretense that he has sought relief in administrative channels which we notice are available to him from his commanding officer and the Secretary under Article 138, UCMJ, 10 U.S.C. § 938 (1988); the Inspector General, under Air Force Regulation 123–11, "The Inspector General Complaints Program" (10 June 1988); or the Air Force Board for Correction of Military Records, 10 U.S.C. § 1552 (1988).[3] Accordingly, he has not exhausted his alternative remedies as he must before a court may consider his petition for mandamus.[4] *Keys v. Cole*, 31 M.J. 228, 230 (C.M.A.1990); 55 C.J.S. *Mandamus* § 17 (1948); *cf. DeChamplain v. United States*, —— U.S.C.M.A. ——, 46 C.M.R. 1329, 1330 (1973) ("last resort") (summary disposition); *Rhea v. Starr*, 26 M.J. 683, 685 (A.F.C.M.R.1988); *Coffey v. Commanding Officer, USS Charleston*, 33 M.J. 938, 939 (N.M.C.M.R.1991).[5]

■ Fourth, we doubt that mandamus in this setting would be in aid of our jurisdiction over the criminal appeal. Our jurisdic-

---

1. *See also* Courts of Military Review Rules of Practice and Procedure, rule 26, 22 M.J. CXXVII, CXXXVIII (chief judge may prescribe internal rules). *Cf.* United States Court of Military Appeals Rules of Practice and Procedure, rule 19(d) ("20 days after petitioner learns of the action complained of").

2. The role of a commander acting under authority extended by the code has sometimes been ambiguous in cases such as this one, and the ambiguity is always troublesome. *E.g., Jones v. Commander, Naval Air Fleet, U.S. Atlantic Fleet*, 18 M.J. 198 (C.M.A.1984); *Dobzynski v. Green*, 16 M.J. 84 (C.M.A.1983). If (only for the purpose of completeness) we take the commander's role in this matter as at least quasi-judicial, then some more generous authority suggests that mandamus is sometimes available to correct an incorrect discretionary decision of a judge. "To justify reversal of a discretionary decision by mandamus, the judicial decision must amount to more than even 'gross error'; it must amount 'to a judicial usurpation of power' ... or be "characteristic of an erroneous practice which is likely to recur.'" *United States v. Labella*, 15 M.J. 228, 229 (C.M.A.1983) (citations omitted). *See also Jones*, 18 M.J. at 202 (Everette, C.J., dissenting); *Murray v. Haldeman*, 16 M.J. 74, 76 (C.M.A.1983); *Evans v. Kilroy*, 33 M.J. 730, 732–33 (A.F.C.M.R.1991) (contrary to statute, settled precedent, regulation); *United States v. Mahoney*, 24 M.J. 911, 914 (A.F.C.M.R.1987) (same); *United States v. Bowlden*, 16 M.J. 878

(A.F.C.M.R.1983) (same); *United States v. Pereira*, 13 M.J. 632, 635 (A.F.C.M.R.1982) (same); *United States v. Dettinger*, 6 M.J. 505, 511–12 (A.F.C.M.R.1978), *rev'd*, 7 M.J. 216 (C.M.A.1979), *q.v.* at 224 (no violation of a rule or statute shown). This is not such a case.

3. We notice that the Board is essentially a personnel agency. It is organized within the Office of the Assistant Secretary [of the Air Force] for Manpower, Reserve Affairs, Installations, and Environment. Presumably it would have ready access to the expertise in personnel matters that would be required to resolve the challenge made to the propriety of petitioner's present military status.

4. This petition is distinguishable from the appeal in *United States v. Barraza*, 5 M.J. 230 (C.M.A.1978), in which the exhaustion doctrine was found not to bar examination of the jurisdiction of the court-martial. Petitioner Lemoine now asks us to order that he be relieved from active duty. Actually effecting the change in military status is much different from reviewing the jurisdiction of the trial court.

5. Administrative experts in such matters should be given the opportunity to examine complaints like this for another reason: The judiciary is rightfully reticent to intrude into matters involving military status.

tion is limited by the code to review of the findings and sentence of a court-martial. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1988). We know that we have authority to compose remedies to that end, and we know that we have that authority under the All Writs Act:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a) (1988). *See Dettinger v. United States,* 7 M.J. 216 (C.M.A.1979). However, the Act limits the availability of those tools to uses that would aid our jurisdiction. *Compare McPhail v. United States,* 1 M.J. 457 (C.M.A.1976) *with United States v. Snyder,* 18 U.S.C.M.A. 192, 40 C.M.R. 192 (1969), *and Robinson v. Abbott,* 23 U.S.C.M.A. 219, 49 C.M.R. 8 (1974). *See generally Hollywood v. Yost,* 20 M.J. 785 (C.G.C.M.R.1985); *Bernard v. Commander, Naval Surface Forces, U.S. Atlantic Fleet,* 9 M.J. 820 (N.C.M.R.1980). We have been shown no connection between petitioner's present or future military status and our review of his conviction and sentence.[6] *Cf. Hollywood,* 20 M.J. 785. Furthermore, our jurisdiction over petitioner's case needs no aid. We have obtained jurisdiction under Article 66, UCMJ, 10 U.S.C. § 866 (1988), and it cannot now be disturbed, regardless of petitioner's military status. *Boudreaux v. U.S. Navy–Marine Corps Court of Military Review,* 28 M.J. 181, 182 (C.M.A.1989). Therefore, we find neither a

requirement nor statutory authority under the Act for the relief sought.

Fifth, we have no other jurisdiction (under the code, in contrast to the Act) by which we might consider such a petition.

▮ Accordingly, we do not reach the merits of the petition. However, we note that even if we did, we find inadequate development of the issue in the petition and briefs to determine whether petitioner's present military status is lawful.[7] Petitioner has not brought our attention to such relevant statutory provisions as the pertinent parts of Titles 10 and 32, United States Code, and he has not brought our attention to the regulatory framework under which his military status is administered and changed.[8] The petitioner bears "the burden of showing that it has a clear and indisputable right to the issuance of the writ," *Mahoney,* 24 M.J. at 914,[9] but the petition is inadequate for that purpose.

Accordingly, the Petition for Extraordinary Relief is

DENIED.

Senior Judge LEONARD and Judge RIVES concur.

---

**6.** We believe our brothers of the Navy–Marine Corps Court of Military Review had this same problem in mind when they referred to "appellate leave ... pursuant to Article 76a" in *Dukes v. Smith,* 34 M.J. 803, 807 (N.M.C.M.R.1992). Some events that are often or even solely associated with military criminal prosecution are yet also collateral to the prosecution and remain beyond the canopy of our supervisory authority. Petitioner's case is an example.

**7.** Perhaps this results partly from the failure of the petitioner to first bring this controversy to the attention of the relevant administrative agencies, before whom a proper record of the facts could have been compiled by authorities with the requisite expertise in the subjects involved.

**8.** Petitioner's citation of Air Force Regulation 111–2, "Court–Martial Jurisdiction Over Reserve

Members" (24 February 1988), is unhelpful. We infer from the complexity of the statutory web surrounding petitioner's status that there are likely to be profuse regulatory provisions governing administration of a person in these circumstances. Yet we have been left with none of them cited, no description of their provisions, and no help even from petitioner—who bears the burden of persuasion—to reach the conclusion that he urges.

**9.** *See also Rhea v. Starr,* 26 M.J. 683, 685 (A.F.C.M.R.1988); *Smithee v. Vorbach,* 25 M.J. 561, 562 (C.G.C.M.R.1987); *Dukes v. Smith,* 34 M.J. 803, 804 (N.M.C.M.R.1991); *Wilson v. Ouelette,* 34 M.J. 798, 799 (N.M.C.M.R.1991); *United States v. Thomas,* 33 M.J. 768, 771 (N.M.C.M.R. 1991).