Sergeant Major Earnest W.M. SANDS, 445–34–4450, U.S. Army, Petitioner,

v.

Colonel Edward L. COLBY, JR., Military Judge, and The United States of America, Respondents.

ACMR MISC 9201267.

U.S. Army Court of Military Review.

24 June 1992.

For Petitioner: Mary Beth Sullivan, Esquire (argued); Daniel Marino, Esquire, Captain Michael J. Berrigan, JAGC (on brief).

For Respondents: Captain Gary A. Khalil, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC (on brief).

Before CREAN, ARKOW, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS

PER CURIAM:

The petitioner has been arraigned on the charge of murder, in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (1982) [hereinafter UCMJ]. On 10 June 1992, the petitioner filed a Writ of Mandamus and a Stay of Proceedings. Oral argument was heard on 22 June 1992.

The petitioner retired from active duty with the Army in 1984 and was employed as a civilian for the United States Military Training Mission in Saudi Arabia. He received retired pay from the date of his retirement until 8 January 1992. On the morning of 18 July 1991, the petitioner's wife was found dead in their quarters on a military installation in Saudi Arabia. The petitioner relinquished his passport to military authorities the next day as he was suspected of murdering his wife. After extensive negotiations between officials of the United States and Saudi Arabia, it was determined that the United States would exercise jurisdiction and prosecute the petitioner for the alleged offense. On 6 January 1992, the petitioner was ordered to active duty by the appropriate Army official pursuant to Department of the Army Regulation 27–10, Legal Services: Military

Justice, para. 5–2b(3) (22 Dec. 1989), for trial by court-martial. He received orders recalling him to active duty on 8 January 1992, and was ordered to report to Fort Stewart, Georgia, on 13 January 1992. The charge was preferred on 4 March 1992, referred to a general court-martial on 13 May 1992, and the petitioner was arraigned on 26 May 1992.

At trial, the petitioner moved for dismissal of the charge for lack of subject matter jurisdiction and lack of speedy trial. The military judge took evidence, heard argument, and denied the petitioner's motions on 4–5 June 1992. As noted above, the petitioner then filed a petition with this Court requesting extraordinary relief.

■ There is ample authority to support this Court's authority to issue writs of mandamus for both lack of jurisdiction and lack of speedy trial. *See Murray v. Haldeman,* 16 M.J. 74 (C.M.A.1983); *Pascascio v. Fischer,* 34 M.J. 996 (A.C.M.R.1992); *Hall v. Thwing,* 30 M.J. 583 (A.C.M.R.1990); *Longhofer v. Hilbert,* 23 M.J. 755, 756 (A.C.M.R.1986), *appeal denied,* 24 M.J. 62 (C.M.A.1987). A writ of mandamus is a drastic remedy that should be invoked only in truly extraordinary circumstances. This Court will only exercise its extraordinary relief power when there are exceptional circumstances amounting to more than gross error; the error must amount to a judicial usurpation of power. *See United States v. Labella,* 15 M.J. 228 (C.M.A.1983); *Porter v. Eggers,* 32 M.J. 583 (A.C.M.R. 1990). In *Murray v. Haldeman,* the Court of Military Appeals recognized three additional bases for granting a petition for extraordinary relief: (1) where the petitioner raises "substantial arguments denying the right of the military to try [him]"; (2) where prompt review will conserve time, energy, cost and the ordeal of a trial; and (3) where the issues to be resolved are "recurrent" and will inevitably be faced by appellate courts in many future cases. *Murray,* 16 M.J. at 74, 76–77 (citations omitted). Additionally, in reviewing petitions for extraordinary relief, we are not at liberty to substitute our judgment for that of the military judge. *Porter v. Eggers,* 32 M.J. at 584.

■ The jurisdiction of a court-martial depends solely on the accused's status as a member of the armed forces and not on whether the offense charged was service connected. The determination of jurisdiction is whether the accused is a member of the land and naval forces as set forth in Article 2, UCMJ. *Solorio v. United States,* 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987). Retired members of the regular component entitled to pay are specifically included among those subject to trial by court-martial and may be recalled to active duty for that purpose. UCMJ art. 2(a)(4); *Pearson v. Bloss,* 28 M.J. 376 (C.M.A.1989); *United States v. Overton,* 24 M.J. 309 (C.M.A.); *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987). *United States v. Hooper,* 26 C.M.R. 417 (C.M.A.1958). While the petitioner makes the argument that this case involves the right not to be tried, his argument must fail based on the statute and prior case law. Accordingly, we hold that there is jurisdiction to try the petitioner by court-martial since he is a member of the armed forces.

■ The petitioner's speedy trial claim must fail for the same reason. A writ of mandamus for lack of speedy trial will lie only for a usurpation of judicial power or a recurring legal error. *Pascascio,* 34 M.J. at 1002. We find no such circumstances in this case.

The petition for extraordinary relief and for a stay of the proceedings is DENIED.