Staff Sergeant Steven A. WEAN, United
States Army, Petitioner,

v.

Lieutenant General L.D. HOLDER, Com-
mander, USACAC; Captain Timothy C.
Wall, Commander, Headquarters Com-
pany, and, the United States of America,
Respondents.

ARMY MISC 9701143.
ARMY 9002749.

U.S. Army Court of Criminal Appeals.

29 Aug. 1997.

. For Petitioner: Captain Dirk Gifford, JA (argued); Major Leslie A. Nepper, JA.

For Respondent: Captain Robert F. Resnick, JA (argued); Colonel Joseph E. Ross, Lieutenant Colonel Frederic L. Borch III.

Before GORDON, JOHNSTON, and ECKER, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSTON, Judge:

This opinion concerns a petition for extraordinary relief in the nature of writs of prohibition and mandamus denied by this court on 30 July 1997. Petitioner is an Army staff sergeant who was tried in October 1990 by a general court-martial composed of officer members. Contrary to his pleas, he was convicted of three specifications alleging indecent acts with a child under the age of sixteen in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1988)[hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for fourteen years, total forfeitures, and reduction to Private E1.

After a lengthy and convoluted appellate history,[1] the United States Court of Appeals for the Armed Forces determined that the results of the petitioner's court-martial were unreliable because of the ineffective assistance of trial defense counsel. Consequently, they set aside the findings and sentence and authorized an appropriate convening authority "to order a rehearing, or if a rehearing is impractical, to dismiss the charges." *United States v. Wean*, 45 M.J. 461, 464 (1997). *See also* UCMJ art. 67(e), 10 U.S.C.A. § 867(e).

On 3 June 1997, the convening authority determined that a rehearing was not practicable. After dismissing the charges and their specifications, the convening authority ordered "[a]ll rights, privileges, and property of which the accused has been deprived by virtue of the sentence so set aside" to be restored. The petitioner subsequently was released from confinement at Fort Leavenworth, Kansas. On 22 July 1997, petitioner filed his petition for extraordinary relief with this court asserting that he had "not been fully restored" and instead had continued to be treated as a "convicted felon and former inmate." In response to petitioner's request for oral argument and expedited consideration, this court conducted a hearing on 25 July 1997 concerning the issues raised. On 30 July 1997, we denied the petition for extraordinary relief, noting that a written opinion would follow. Although we concluded that we have jurisdiction to grant a portion of the relief requested, we declined to do so on the facts of this petition.

In his petition before this court, the petitioner set forth the following litany of perceived wrongs indicating that he and his family had "been denied the privileges and benefits normally enjoyed by military personnel and their families." He asserted, in pertinent part, that: (1) he had not been accorded any military status; (2) he had not been allowed to reenlist or apply for retirement; (3) he was refused pay; (4) his family had been denied enrollment in the Army's dental plan; (5) no action had been taken to promote him; (6) his commander informed him that he intended to bar him from obtaining on-post housing; (7) his request to move his family at government expense as a permanent change of station move was denied; and, (8) his commander notified him that he intended to involuntarily separate him from active duty for misconduct under the provisions of Army Reg. 635–200, Personnel Sepa-

1. The procedural history of the case is set forth in *United States v. Wean*, ARMY 9002749, slip op. at 1–4 (Army Ct.Crim.App. 29 Mar. 1996)(unpub.). This court twice affirmed the appellant's conviction and sentence, while the United States Court of Appeals for the Armed Forces twice set aside our decision. In addition, this court denied two Petitions for Extraordinary Relief in the Nature of a Writ of Habeas Corpus that were based on claims of ineffective assistance of trial defense counsel.

rations: Enlisted Personnel, Chapter 14 (17 Sep. 1990) [hereinafter AR 635–200]. For purposes of our initial review of this petition, we considered each of these assertions to be based in fact.

Petitioner asked this court to grant relief in the nature of a writ of mandamus to fully restore him and a writ of prohibition forbidding his commander from initiating or continuing any involuntary separation action until he has been fully restored. In order to grant the relief requested, we must be satisfied that we possess jurisdiction over the matter, and that the factual circumstances are such that we should exercise our discretion to grant the requested relief.

 There is ample authority to support this court's power to issue writs of mandamus and prohibition under the All Writs Act, 28 U.S.C. § 1651(a).[2] Our authority to grant extraordinary relief is not limited to our actual jurisdiction as set forth in Articles 66, 68, and 69, UCMJ, 10 USCA §§ 866, 868, 869, but extends to our potential jurisdiction as well. Although there may be limits to our authority for granting extraordinary relief, we have jurisdiction to require compliance with applicable law from all courts and persons purporting to act under the authority of the UCMJ.

 Government counsel argued in the hearing in this case that this court lacked jurisdiction to consider this writ because the case was final, the convening authority had issued the court-martial order, and there was no attendant case over which a writ could be issued in aid of our jurisdiction. We disagree with such a sterile assessment. It is inconceivable that this court or a convening authority would have the authority to order that charges be dismissed and a sentence set aside, and then be powerless to ensure that those directives were met with prompt compliance. Considerable thought is given to issuing an order to restore the rights, privileges, and property of which an accused has been deprived by virtue of a sentence that has been set aside. It is clear that Congress and our superior court never intended that this court sit by helplessly while an accused servicemember's rights under the Constitution and UCMJ are disregarded. *See Unger v. Ziemniak,* 27 M.J. 349 (C.M.A.1989). Accordingly, under the circumstances of this petition, we are convinced that we have jurisdiction to grant extraordinary relief.[3]

Regardless of the scope of our jurisdiction under the All Writs Act, we have discretion to determine whether and when relief is appropriate. If we were convinced that the officers or employees of the United States were deliberately flouting a directive to restore a former accused, then mandamus could be an appropriate remedy.

> The writ of mandamus is a command issued from a court of competent jurisdiction to an inferior court or officer, requiring the performance of a specified act which the court or officer has a legal duty to do.... The writ is available to compel both the performance of a ministerial duty and the exercise of judicial discretion. The office of mandamus is not to establish a right, but to enforce a clear and complete right already established.

2. The All Writs Act provides in pertinent part:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> The Supreme Court, the Court of Appeals for the Armed Forces, and the Manual for Courts–Martial recognize the authority of the military appellate courts to issue extraordinary writs under the All Writs Act. *See, e.g., Noyd v. Bond,* 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969); *Samples v. Vest,* 38 M.J. 482 (C.M.A. 1994); Rule for Courts–Martial 1204(a) [hereinafter R.C.M.] discussion.

3. Our jurisdiction to act on this writ could be based on several sources: Article 13, UCMJ, 10 USCA § 813, (Punishment prohibited before trial); Article 57, UCMJ, 10 USCA § 857, (Effective date of sentences); Article 62, UCMJ, 10 USCA § 862(Appeal by the United States); Article 66, UCMJ, (Review by Court of Criminal Appeals); Article 69(d), UCMJ, (Review by Court of Criminal Appeals); and, the concept of "ancillary jurisdiction" that permits us to ensure that a case is resolved in a manner consistent with the mandate of the court. *See Boudreaux v. United States Navy–Marine Corps Court of Military Review,* 28 M.J. 181 (C.M.A.1989). We need not pinpoint our jurisdictional basis for this petition; we simply have it on these facts.

Major Thomas M. Rankin, *The All Writs Act and the Military Justice System*, 53 Mil. L.Rev. 103, 105–106 (1971) (footnotes omitted).

A writ of mandamus is a drastic remedy that should be invoked only in truly extraordinary circumstances. *Sands v. Colby*, 35 M.J. 620 (A.C.M.R.1992). In particular, mandamus should not be invoked in cases where other authorized means of appeal or administrative review exist. *Aviz v. Carver*, 36 M.J. 1026 (N.M.C.M.R.1993). To justify extraordinary relief, the petitioner bears the burden of demonstrating that he is entitled to it as a clear and indisputable right. *Carver*, 36 M.J. 1026. In addition, the petitioner must show that the act he seeks is ministerial and not discretionary. Mandamus is not available to compel either a judicial or executive officer to exercise discretion in such a way as to reach a particular result. *United States v. Lemoine*, 34 M.J. 1120 (A.F.C.M.R.1992). Mandamus is intended to provide a remedy for petitioner only if he has exhausted all of the avenues of relief and only if the respondent owes him a clear non-discretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). We will apply these standards to petitioner's averments.

Petitioner asserts that he has been denied any military status, but his petition indicates that he has been issued an appropriate military identification card. He contends that he has "no status," but he has not shown that the difficulties related to his military status are due to anything other than the convoluted facts surrounding the apparent expiration of his term of enlistment in March 1995, some five years after his court-martial. In this regard, we see a significant difference between a situation where officials are attempting to resolve his unique status and one where officials are refusing to act. Petitioner has presented no facts showing such a refusal.

Petitioner contends that he was "refused" pay and was not credited with accrued leave. In this regard, we note that the Court of Federal Claims has ruled that if a rehearing results in an acquittal, or if no rehearing is held, then pay is due. *See Dock v. United States*, 46 F.3d 1083 (Fed.Cir.1995). The petitioner has failed to show, however, that he is entitled to pay and accrued leave and that recalcitrant officials have refused to give him that which he is due.[4]

The facts presented to us indicate that he has not been paid, but petitioner has not shown us *why* he has not been paid. For example, was he "refused" pay because he was not entitled to it or because the pay action had to be processed by the Finance and Accounting Office at Fort Leavenworth, Kansas, rather than the Inmate Pay Section at the United States Disciplinary Barracks where he had been confined? We doubt whether these types of entitlement issues are routinely encountered or easily resolved, particularly when statutes and regulations affecting entitlements have changed over time.

Petitioner's proof is also lacking in regard to his other claims. He contends he has not been allowed to reenlist or apply for retirement, but he has failed to present facts and regulations tending to show that he is eligible for either. He asserts that no action has been taken to promote him, but he has utterly failed to show that failure to act was in disregard of the order that he be fully restored.

The petitioner has failed to demonstrate to this court that he clearly and indisputably is entitled to enroll his family in the Army's dental plan, obtain on-post housing, or move his family at government expense. He also has failed to show that any government official has failed to act in accordance with applicable statutes and regulations in regard to these particular issues.

---

4. The Court of Military Appeals (now known as the United States Court of Appeals for the Armed Forces) has exhibited a willingness to consider a petition for extraordinary relief in the nature of a writ of mandamus concerning pay due after a sentence is set aside. *See Keys v. Cole*, 31 M.J. 228 (C.M.A.1990). In that case, the court rejected the government's argument for exhaustion of administrative remedies when the effort would be futile. We note the critical difference between the discretionary function of determining the amount due to a petitioner and the court exercising its discretion in ordering the specific amount due to be paid.

Petitioner also seeks extraordinary relief in the nature of a writ of prohibition to prevent his commander from attempting to separate him involuntarily for misconduct under the provisions of AR 635–200. Petitioner might be entitled to such a writ if he were able to show that his commander clearly intended to act contrary to law and regulation. Petitioner, however, has utterly failed to show that the proposed elimination action, if any such action exists, is improper in any way.

It appears from the petition and attached submissions that allegations of misconduct against the petitioner are still pending resolution. His conviction was set aside due to ineffectiveness of counsel. Subsequently, the convening authority determined that a rehearing at a court-martial was impracticable. The petitioner has not presented any information to us that would tend to show that it would be improper for his commander to seek administrative alternatives instead of pursuing a rehearing.

We also note the discretionary nature of the decisions a commander may make in determining that a soldier should be barred from reenlisting or administratively eliminated in the best interests of the Army. Courts are ill-equipped to evaluate the competing interests that a commander may need to consider in deciding to initiate administrative actions. For this reason, we are not convinced that a writ of prohibition is available on these facts.

Accordingly, we conclude that, in regard to each of these issues, the petitioner has failed to carry his burden of persuasion. The petition for extraordinary relief in the nature of writs of prohibition and mandamus has been denied. *See* Appendix 1.[5]

Senior Judge GORDON and Judge ECKER concur.

## APPENDIX

## CORRECTED COPY

## UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
GORDON, JOHNSTON, and ECKER
Appellate Military Judges*

Staff Sergeant STEVEN A. WEAN
United States Army, Petitioner

v.

Lieutenant General L.D. Holder, Commander,
USACAC, Fort Leavenworth, KS;
Captain TIMOTHY C. WALL, Commander, Headquarters Company, Fort Leavenworth, KS;
and, the UNITED STATES OF AMERICA, Respondents

### ARMY MISC 9701143
### ORDER

On consideration of the Petition for Extraordinary Relief in the Nature of Writs of Mandamus and Prohibition, the petition is DENIED. An opinion will follow.

Date: 30 July 1997

---

5. Although this court did not order the government to show cause why the requested writs should not be granted, government counsel moved to admit affidavits from various officials at Fort Leavenworth, Kansas. Although we admitted the affidavits, we did not consider them in resolving the Petition for Extraordinary Relief. Those affidavits indicate: that Staff Sergeant Wean is assigned quarters at Fort Leavenworth and was offered government housing on 16 July 1997; that his household goods will be delivered to Fort Leavenworth not later than 21 August 1997; that his request to retire on 31 May 1998 is pending with Personnel Command; and that his pay claims are awaiting a decision by Headquarters, Defense Finance and Accounting Service.

\* Corrected