**UNITED STATES, Appellee,**

v.

**Stephen B. CHEROK, Boiler Technician Fireman Recruit U.S. Navy, Appellant.**

No. 50,828.

NMCM 83 4688.

U.S. Court of Military Appeals.

Oct. 6, 1986.

For Appellant: *Lieutenant Susan R. Cornell, JAGC, USNR* (argued); *Lieutenant Commander Frederick N. Ottie, JAGC, USN* and *Lieutenant Commander Cynthia J. Clemens, JAGC, USN* (on brief).

For Appellee: *Major E.D. Clark, Jr. USMC* (argued); *Captain W.J. Hughes, JAGC, USN* and *Lieutenant Steven P. Benson, JAGC, USNR* (on brief).

*Opinion*

COX, Judge:

Contrary to his pleas *in absentia*, appellant was convicted at a general court-martial composed of officer members of distributing lysergic acid diethylamide (LSD), in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to confinement for 5 years, total forfeitures, and a dishonorable discharge. The convening authority approved confinement for 2 years, total forfeitures, and a bad-conduct discharge. The Court of Military Review affirmed the findings and sentence. 19 M.J. 559.

We granted review to determine:

WHETHER APPELLANT WAS DE-NIED HIS RIGHT TO A SPEEDY TRIAL WHEN, AT A 39(a) SESSION HELD ON THE 90th DAY OF PRETRIAL CONFINEMENT, HE ASSERTED HIS RIGHT UNDER ARTICLE 35 OF THE UNIFORM CODE OF MILITARY JUSTICE TO A 5–DAY DELAY OF HIS TRIAL BY GENERAL COURT–MARTIAL AND WAS NOT THEREAFTER RELEASED FROM THE BRIG UNTIL HE HAD SERVED 92 DAYS OF PRETRIAL CONFINEMENT.

Finding no denial of speedy trial, we affirm.

The first Article 39(a), UCMJ, 10 U.S.C. § 839(a), session was held on April 6, 1983, the 90th day of pretrial confinement. Because trial counsel had not caused appellant to be served with a copy of the charges until that day, the military judge advised appellant of his statutory right under Article 35, UCMJ, 10 U.S.C. § 835, to a delay of 5 days between the service of charges and the trial. Appellant refused to waive his right to the 5–day delay. Apparently due to administrative bungling, appellant was not released from pretrial confinement until April 8. When trial resumed on April 12, the defense moved to dismiss for lack of speedy trial.

Under the law applicable at the time, a presumption of denial of speedy trial arose when an accused was confined more than 90 days prior to trial.* *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974); *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). After subtracting periods of delay requested by the defense, the courts below concluded that the period of Government accountability was insufficient to trigger the 90–day *Burton* presumption, a conclusion appellant challenges in three major respects.

### I

■ Appellant contends that the pretrial restriction he served aboard ship from De-

cember 24, 1982, until he was ordered into pretrial confinement on January 6, 1983, was tantamount to confinement for purposes of determining applicability of the *Burton* presumption. On December 22, appellant was restricted to the limits of the USS INDEPENDENCE and required to muster four times a day. On December 24, in response to reports that appellant had failed to comply with the restriction order, appellant's leading chief imposed an additional requirement that appellant muster every waking hour. We agree with the Court of Military Review that the modification to the restriction order was reasonable in view of appellant's noncompliance with the original restriction order and was not so onerous as to constitute confinement. *Cf. United States v. Schilf*, 1 M.J. 251, 252 n. 2 (C.M.A.1976) (accused spent 57 days restricted to "narrow confines of his squadron area, the terms of said restriction including an hourly sign-in procedure").

### II

■ The second area of contention concerns an off-the-record conversation between trial counsel and defense counsel on March 17, wherein a trial date of April 6 was agreed upon. Appellant argues that the Government was accountable for the delay from on or about March 17 until April 6, as defense counsel merely acquiesced in trial counsel's suggestion of a trial date. The military judge and the Court of Military Review determined otherwise, however, finding that defense counsel created the delay by representing to trial counsel that April 6 was agreeable and was the earliest date suitable to the defense. As there is some support in the record for this finding of fact, it will not be disturbed by this Court. *United States v. Burris*, 21 M.J. 140 (C.M.A.1985).

### III

■ Appellant also contends that the Government should be held accountable for

---

* R.C.M. 707, Manual for Courts-Martial, United States, 1984, now provides a numerical standard for all trials, requiring that an accused be brought to trial within 120 days of notice of preferral of charges or imposition of restraint.

the delay occasioned by his assertion of the right to a 5-day delay between service of charges and trial, a period during which appellant could not be tried "against his objection." Art. 35, UCMJ, 10 U.S.C. § 835. The 5-day delay was requested, however, solely to set up the speedy-trial issue. The defense had notice of the charge and was prepared for trial in mid-March.

■ The purpose of Article 35 is to protect an accused from receiving such a speedy trial that the defense has inadequate opportunity to prepare. *See* Uniform Code of Military Justice: Hearings on H.R. 2498 Before a Subcomm. of the House Armed Services Committee, 81st Cong., 1st Sess. 1012–13 (1949) (testimony of Felix Larkin, Assistant General Counsel, Office of the Secretary of Defense). Thus, Article 35 provides a shield with which an accused may prevent too speedy a trial, not a sword with which an accused may attack the Government for failing to bring him to trial sooner. Therefore, we agree with the Court of Military Review that the invocation of Article 35 under the circumstances of this case did not create a delay attributable to the Government. As the Government was ready and willing to proceed to trial on the 90th day of pretrial confinement, the *Burton* presumption does not come into play. Without a presumption of denial of speedy trial, the length of time and circumstances of delay do not rise to the level of denial of speedy trial under Article 10 of the Uniform Code of Military Justice, 10 U.S.C.A. § 810, or the sixth amendment to the United States Constitution.

This case is another example of the needless problems that can arise when trial counsel is inattentive to speedy-trial considerations. The speedy-trial issue could have been avoided if trial had been set well within 90 days of pretrial confinement. If the defense needed a continuance, it should have been requested on the record and not handled in off-the-record negotiations. Moreover, trial counsel could have avoided the Article 35 delay entirely by promptly causing the charges to be served. Although the Court of Military Review be-

stowed its wrath upon defense counsel for their "gamesmanship of the worst sort," in setting up the speedy-trial issue, 19 M.J. at 573, it must not be forgotten that the Government has both the power and the burden to prevent speedy-trial problems.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge SULLIVAN did not participate.

EVERETT, Chief Judge (concurring in the result):

After repeatedly but ineffectively criticizing long pretrial delays—often accompanied by confinement—this Court announced in *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), that, absent a suitable explanation, pretrial confinement in excess of 90 days would lead to dismissal of charges. That rule has never been repudiated by the Court, although it has been refined. One such refinement is to subtract from the period of pretrial confinement delay requested by the defense.

My chief concern in this case is whether an accused's assertion of his right under Article 35, Uniform Code of Military Justice, 10 U.S.C. § 835, to object to trial by general court-martial within a period of 5 days after the service of charges can be equated to defense-requested delay for purposes of *Burton*. Actually, it is somewhat hard to imagine why charges would not have been served on an accused long before completion of a 90-day period of pretrial confinement. Clearly here the preparation and processing of the charges must have been handled with extraordinary languor.

I find it distasteful to salvage a case which the Government has bungled so monumentally. Indeed, instead of lambasting defense counsel, the Court of Military Review might better have turned its critical eye to the prosecutorial neglect. Nonetheless, I come to the conclusion that, for purposes of *Burton*, an objection to trial within 5 days performs a role similar to that of the defense request for delay. Therefore, in this case the 90-day limit was not exceeded; I concur in the result.