**UNITED STATES**

v.

**David R. CALLOWAY, 246 37 7453
Aviation Electrician's Mate
Airman (E–3), U.S. Navy.**

**NMCM 86 2346.**

U.S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 25 Feb. 1986.

Decided 12 Nov. 1986.

CDR Frederick N. Ottie, JAGC, USN,
Appellate Defense Counsel.

LT Donald F. O'Connor, JAGC, USNR,
Appellate Defense Counsel.

LCDR Lawrence W. Muschamp, JAGC,
USN, Appellate Government Counsel.

Before C.H. MITCHELL, Senior J., and J.T. GLADIS and C.J. CASSEL, JJ.

GLADIS, Judge:

The accused was convicted in accordance with his pleas at a general court-martial bench trial of attempted wrongful introduction of hashish, three short unauthorized absences, and disobedience of a lawful order, in violation of Articles 80, 86, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 886, and 892, and sentenced to a bad conduct discharge, confinement at hard labor for 160 days, forfeiture of $400.00 per month for 6 months, and reduction to pay grade E–1. The convening authority approved the sentence.

The accused contends on appeal that his defense counsel was ineffective because she failed to make a speedy trial motion. We disagree and affirm.

The accused was arraigned on the 77th day of pretrial confinement at an Article 39, 10 U.S.C. § 839 session held at the insistence of the trial counsel over the objection of defense counsel who was not prepared to go to trial. On the 50th and 63rd days of pretrial confinement defense counsel had requested to go from the situs of the trial, San Diego, California, to the situs of the most serious offenses, Rota, Spain, to investigate the charges. On the 57th and 63rd days of pretrial confinement she had made demands for a speedy trial. Defense counsel was unwilling to reveal the basis for or adequately justify her requests to travel to Spain at Government expense because she did not wish to tip her hand to the Government. The requests were not granted. She renewed her request to the military judge who denied it, but, as an alternative, ordered the appointment of an investigator in Spain to assist the defense in preparing for trial. He noted that granting the request for further defense investigation would preclude the accused from being tried within 90 days of his initial pretrial confinement and ruled that any delay that could be attributed to the defense request at the Article 39(a) session would be imputed to the defense

because defense counsel's earlier requests for travel orders did not provide a sufficient basis to allow the Government to make an informed decision as to whether to grant the requests. The Government was prepared to go to trial within 7 days, the time it believed necessary to obtain witnesses from Spain. Delays ensued in the appointment of a defense investigator and in the completion and receipt of his investigation by defense counsel. In the interim defense counsel requested a sanity board on the 93rd day of pretrial confinement. She received the results on the 118th day of pretrial confinement. The accused submitted a pretrial agreement offer on the 120th day of pretrial confinement. He was convicted pursuant to his pleas and sentenced on the 125th day of pretrial confinement.

 An accused has a constitutional right to the effective assistance of counsel. An accused who claims that his counsel's assistance was so defective as to require reversal of his conviction must show that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail in his attack on defense counsel the accused in this case must show that her failure to make a speedy trial motion was an error so serious as to deprive him of a fair trial and that, had she made a speedy trial motion, there was a reasonable probability that the charges would have been dismissed. The accused can show neither.

 Rule for Courts-Martial (R.C.M.) 707(d) provides that an accused in pretrial confinement is entitled to be brought to trial within 90 days or have the charges dismissed. Periods of delay resulting from other proceedings in the case, including any examination into the mental capacity of the accused, any period resulting from a delay in the proceeding or a continuance granted at or with the consent of the defense, or any other period of delay for good cause are among the periods excluded for

the purpose of computing when 90 days has run.

 The right of the accused to be protected from receiving such a speedy trial that the defense has inadequate opportunity to prepare provides a shield with which he may prevent too speedy a trial, not a sword with which he may attack the Government for failing to bring him to trial sooner. *See United States v. Cherok,* 22 M.J. 438, 440 (C.M.A.1986). If his exercise of the right results in delay, such delay is not attributable to the Government. *Id.* He is not entitled to dismissal of the charges if the Government is ready and willing to proceed to trial on the 90th day of pretrial confinement. *Cherok* involved the rule announced in *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), that denial of speedy trial is presumed when pretrial confinement exceeds 90 days. The *Burton* rule has been superseded by R.C.M. 707(d), which is more flexible. *United States v. Ivester,* 22 M.J. 933, 936–937 (N.M.C.M.R.1986).

 We find that the above principles from *Cherok* are applicable to this case. In view of the intent of the drafters of R.C.M. 707 to replace the *Burton* rule with a more flexible rule, in the absence of plain language in the new rule requiring a different result, we decline to construe R.C.M. 707(d) to be more rigid than *Burton* in its application. *See Ivester, supra.* The defense request for additional investigation necessitating delay when the Government was ready to go to trial was, in effect, a request for continuance. Such delay is excluded for the purpose of computing when the 90 days within which the accused must be brought to trial has run. R.C.M. 707(d). *See United States v. Cherok, supra.* Ultimately defense counsel did not use the accused's right to a speedy trial as a sword with which to attack the Government for failing to bring him to trial sooner when the Government's failure was attributable to the defense. Under the circumstances she was not deficient in her representation of the accused.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Senior Judge MITCHELL and Judge CASSEL concur.