UNITED STATES, Appellee

v.

Stephen J. LAZAUSKAS, Airman Basic
U.S. Air Force, Appellant

No. 04-0700

Crim. App. No. 34934

United States Court of Appeals for the Armed Forces

Argued April 11, 2005

Decided September 27, 2005

CRAWFORD, J., delivered the opinion of the Court, in which
EFFRON and ERDMANN, JJ., joined. GIERKE, C.J., filed a separate
opinion concurring in the result. BAKER, J., filed a separate
concurring opinion.

Counsel

For Appellant:  Major James M. Winner (argued); Colonel Carlos
L. McDade (on brief); Major Terry L. McElyea.

For Appellee:  Major Kevin P. Stiens (argued); Lieutenant
Colonel Gary F. Spencer, Lieutenant Colonel Robert V. Combs, and
Captain Jin-Hwa L. Frazier (on brief).

Military Judge:  Gregory E. Pavlik

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Lazauskas, No. 04-0700/AF

Judge CRAWFORD delivered the opinion of the Court.

Contrary to his pleas, Appellant was convicted at a general court-martial by a military judge of wrongful use of ecstasy, distribution of ecstasy, introducing ecstasy onto a military installation, obstruction of justice, and an attempted disobedience of a no-contact order, in violation of Articles 112a, 134, and 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 934, 880 (2000). The convening authority approved the sentence of a bad-conduct discharge and fifteen months of confinement. The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and sentence. United States v. Lazauskas, No. ACM 34934, 2004 CCA LEXIS 199 (A.F. Ct. Crim. App. Aug. 19, 2004).

We granted review of the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY RULING THAT THE GOVERNMENT DID NOT VIOLATE APPELLANT'S RIGHT TO SPEEDY TRIAL UNDER R.C.M. 707. MORE SPECIFICALLY, (1) CAN AN INVESTIGATING OFFICER APPROVE PRETRIAL DELAY TO BE EXCLUDED UNDER R.C.M. 707? (2) CAN A COURT OF CRIMINAL APPEALS DETERMINE AN EXCLUSION OF DELAY FOR PURPOSES OF R.C.M. 707 AFTER THE FACT IF THERE HAD BEEN NO PRETRIAL APPROVAL UNDER R.C.M. 707? AND (3) WAS THE HOLDING OF THE COURT OF CRIMINAL APPEALS THAT TWO DELAYS WERE EXCLUDABLE UNDER R.C.M. 707 LEGAL ERROR?

For the reasons set forth below, we affirm the decision of the Court of Criminal Appeals.

FACTS

In March 2001, a confidential informant reported to the law enforcement officials at Lackland Air Force Base that Appellant was selling and using ecstasy.  After the controlled purchase of ecstasy by the confidential informer, follow-up inquiries led to the discovery of a number of witnesses who stated that Appellant used drugs in February, March, April, and May 2001, at various times both on and off the installation.

At his arraignment, Appellant made a motion to dismiss the charges against him based on a violation of his right to speedy trial under Rule for Courts-Martial (R.C.M.) 707,[1] Article 10, UCMJ, 10 U.S.C. § 810 (2000), and the Sixth Amendment.  The military judge denied his motion on all grounds.  In making his ruling under R.C.M. 707, the military judge found a total of fifty-eight days retroactively excludable with no objection from the defense, leaving 131 days accountable to the Government. The military judge also found, over defense objection, that three additional periods of time were excludable.  Thus, the military judge determined that the Government was excluded from accountability for a total of seventy-two days out of the 189-day delay and was therefore left accountable for a total delay

---

[1]  The current versions of all provisions cited are identical to the ones in effect at the time of Appellant's court-martial, unless otherwise indicated.

of 117 days, which was within the R.C.M. 707 allowable limit of 120 days. Two of those periods (totaling eleven days) are at issue here:

1.   August 8-13 - delay of first Article 32, UCMJ, hearing to secure two missing witnesses.

2.   October 6-10 - statutory waiting period under Article 35, UCMJ.

August 8-13, 2001.   The first period of time in dispute is a six-day continuance allowed during an Article 32 hearing.   The convening authority appointed an investigating officer for the Article 32 hearing, and in the Appointment Memorandum stated the officer was "delegated the authority to grant any reasonably requested delays of the Article 32 investigation."   Two days prior to the date originally scheduled for the Article 32 hearing, the Government representative provided the military defense counsel with a list of eight witnesses the Government expected to testify at the Article 32 hearing.   There is no evidence of a defense request for witnesses.   One day prior to the original date for the hearing, Appellant's newly hired civilian attorney requested, and received, a delay in the proceedings until August 7, 2001.   At the Article 32 hearing, six of these witnesses testified; however, two witnesses were on leave.   The defense then requested the witnesses and objected to taking their testimony over the telephone.   Based on the defense

objection, the Article 32 investigating officer delayed the hearing until August 13, 2001, to procure their live testimony. Even after the second hearing, the Government did not disclose the identity of the confidential informant and the defense objected to the Article 32 investigation because of the nondisclosure. The Article 32 investigating officer did not attempt to exclude August 8-13 from Government accountability but left it to the convening authority.

October 6-10, 2001. The second period of time in question is the five-day period from the service of referred charges until the expiration of the Article 35, UCMJ, waiting period. Charges were served on Appellant on October 5, and on that date, both the trial counsel and defense counsel agreed on a trial date of November 15, 2001. Appellant contests the exclusion of the five-day period between October 6-10 from R.C.M. 707 accountability because the Article 35 five-day waiting period would have prohibited the Government from bringing him to trial during that time.

DISCUSSION

There are many sources of the servicemember's right to a speedy trial, namely, the Sixth Amendment, the Due Process Clause of the Fifth Amendment, Article 10 and Article 33, UCMJ, and R.C.M. 707. See, e.g., United States v. Reed, 41 M.J. 449, 450 (C.A.A.F. 1995). The issue in this case centers on the 120-

5

day procedurally-based rule set forth in R.C.M. 707. This rule provides that the "accused shall be brought to trial within 120 days after the earlier of: (1) preferral of charges, (2) the imposition of restraint . . . , or (3) entry on active duty. . . ." In this case, the triggering date for the 120-day rule was the imposition of pretrial confinement on May 10, 2001. The charges were preferred on July 17, 2001. If the times in dispute are excludable, then Appellant was brought to trial within 120 days.

"Prior to referral [of charges], all requests for pretrial delay . . . will be submitted to the convening authority or, . . . to a military judge. . . ." R.C.M. 707(c)(1). "After referral, such requests for pretrial delay will be submitted to the military judge for resolution." Id.

As noted in United States v. Dies, 45 M.J. 376, 377-78 (C.A.A.F. 1996), the current version of R.C.M. 707 focuses on whether a period of time is excludable because a delay has been granted, which is in contrast to the prior version that focused on a determination as to which party was responsible for the delay. Under R.C.M. 707(c), all pretrial delays approved by the convening authority are excludable so long as approving them was not an abuse of the convening authority's discretion. It does not matter which party is responsible.

6

The discussion pertaining to this rule provides: "Prior to referral, the convening authority may delegate the authority to grant continuances to an Article 32 investigating officer." R.C.M. 707(a)(1) discussion.

Additionally, where, as here, the convening authority has delegated to an investigating officer the "authority to grant any reasonably requested delays of the Article 32 investigation," then any delays approved by the Article 32 investigating officer also are excludable.

Thus, when an investigating officer has been delegated authority to grant delays, the period covered by the delay is excludable from the 120-day period under R.C.M. 707. If the issue of speedy trial under R.C.M. 707 is raised before the military judge at trial, the issue is not which party is responsible for the delay but whether the decision of the officer granting the delay was an abuse of discretion. The resolution under R.C.M. 707 does not preclude a party from asserting responsibility for delay under Article 10, UCMJ, or the Constitution. It simply means that in the absence of an abuse of discretion by the officer granting the delay, there is no violation of R.C.M. 707.

The military judge did not abuse his discretion in excluding the two periods in this case. The first period of time involved the delay to obtain the personal testimony of two

witnesses who were on leave because the defense objected to taking their testimony over the telephone.  R.C.M. 405(g)(1)(A) provides that the parties are entitled to the presence of witnesses who have relevant testimony and the evidence is "not cumulative."  However, R.C.M. 405(g)(4)(B) provides that the investigating officer may take sworn statements of unavailable witnesses over the telephone.  The first period of time involved the delay to obtain the personal testimony of two witnesses who were on leave.  The investigating officer, under the authority delegated to him by the convening authority, granted the delay.  As to this period, the military judge found that:

> [A]t some point during the Article 32 hearing, the defense learned that several witnesses it believed the government would be calling live were actually going to be called telephonically.  The defense objected to their being called telephonically and the Article 32 hearing was delayed so that the defense could question them when they were personally available which was on 13 August 2001.

We hold that the military judge did not abuse his discretion in excluding this delay.

As to the second period of time, following the referral of charges but before service of that referral, the Government told the military judge that both parties agreed to a trial date of November 15.  On October 5, the same day that charges were served, the military judge set the trial date as requested by the parties.  The delay was thereby approved by the military

8

judge, following referral of the charges.  Under R.C.M. 707(c)(1), the military judge is the proper authority to approve a delay under those circumstances.  Included in that delay was the five-day period from the service of the referred charges until the expiration of the Article 35 waiting period.

Article 35 provides that the accused may not be brought to trial within five days of service of charges against his objection.  The accused did not raise any Article 35 objection at the trial level.  This Court has stated:

> The purpose of Article 35 is to protect an accused from receiving such a speedy trial that the defense has inadequate opportunity to prepare. . . .  Thus, Article 35 provides a shield with which an accused may prevent too speedy a trial, not a sword with which an accused may attack the Government for failing to bring him to trial sooner.

United States v. Cherok, 22 M.J. 438, 440 (C.M.A. 1986).

Because the five-day Article 35 period was neither requested nor necessary in this case to protect the accused, we find that the military judge did not abuse his discretion in approving this delay.

As there was no abuse of discretion in the approval of these two delays, we agree with the lower court that these two time periods were excludable, and therefore we affirm the decision of the United States Air Force Court of Criminal Appeals.

GIERKE, Chief Judge (concurring in the result):

I agree with the end result of the majority opinion:  the Appellant's rights under R.C.M. 707 were not violated.  But I disagree with portions of the majority opinion's analysis.  Most significantly, in its discussion of the first period of delay, the majority opinion rewrites R.C.M. 707.  The majority opinion also misinterprets our case law controlling the speedy trial implications of the Article 35 waiting period following the service of referred charges.  While I cannot agree with portions of the majority's reasoning, I respectfully concur in the result.

The majority opinion states, "Under R.C.M. 707(c), all pretrial delays approved by the convening authority are excludable so long as approving them was not an abuse of the convening authority's discretion."[1]  The opinion adds, "[W]here, as here, the convening authority has delegated to an investigating officer the 'authority to grant any reasonably requested delays of the Article 32 investigation,' then any delays approved by the Article 32 investigating officer also are excludable."[2]  Accordingly, the majority misrepresents what R.C.M. 707(c) actually says.  R.C.M. 707(c) specifically discusses delays caused by stays ordered by appellate courts,

---

[1] United States v. Lazauskas, 61 M.J. __, __ (6) (C.A.A.F. 2005).
[2] Id. at __ (7).

1

hospitalization of the accused due to incompetence, and the accused's unavailability while in the custody of the Attorney General. It concludes by observing, "[a]ll other pretrial delays approved by a military judge or the convening authority shall be similarly excluded." The rule simply does not state, as the majority opinion represents, that pretrial delays approved by a convening authority's delegate are excluded from Government accountability. Accordingly, the mere fact that the Article 32 investigating officer granted the delay -- while expressly refusing to rule that the delay was excluded from Government accountability -- does not resolve this case.

The discussion to R.C.M. 707(c)(1) states that "[p]rior to referral, the convening authority may delegate the authority to grant continuances to an Article 32 investigating officer." That discussion does not definitively resolve this issue for two reasons. First, the authority to grant a continuance is not necessarily the same as the authority to exclude the resulting delay from Government accountability. A rational military justice system could give the investigating officer the power to grant delays but reserve for other officials the power to exclude such delay from Government accountability. Nothing in R.C.M. 707(c), or even its discussion, would be inconsistent with such a system. Automatically excluding such delays from

2

Government accountability is a matter of judicial interpretation, not obedience.

Second, the discussion accompanying the Rules for Courts-Martial, while in the Manual for Courts-Martial, United States (2002 ed.)(MCM), is not part of the presidentially-prescribed portion of the MCM. The MCM expressly states that it consists of its "Preamble, the Rules for Courts-Martial, the Military Rules of Evidence, the Punitive Articles, and Nonjudicial Punishment Procedures."[3] Absent from this list are the discussion accompanying the Preamble, the Rules for Courts-Martial, and the Punitive Articles, as well as the MCM's appendices, including the MCM's drafters' analysis.[4] As Professor Gregory E. Maggs helpfully explains, "The President played no role in preparing these supplementary materials, and he did not promulgate them by executive order; on the contrary, these materials represent only the beliefs of staff personnel who worked on the Manual."[5] So, as Professor Maggs concludes, the courts "do not violate the principle of deference to the President when they disagree with them."[6]

Nevertheless, I agree with the majority opinion that the time was properly excluded. I reach this conclusion for two

---

[3] MCM, pmbl. ¶ 4.
[4] See id. at pmbl. ¶ 4 (discussion).
[5] Gregory E. Maggs, Judicial Review of the Manual for Courts-Martial, 160 Mil. L. Rev. 96, 115 (1999).
[6] Id.

separate reasons.  First, I would hold that a convening authority who expressly delegates to the investigating officer the power to grant continuances <u>without reserving authority to exclude the delay from Government accountability</u> also implicitly approves any resulting delay.  Thus, the time is excluded not because R.C.M. 707(c) expressly removes from Government accountability delays granted by the convening authority's delegate -- it does not -- but rather because the convening authority has implicitly approved the delay.  Of course, the convening authority could expressly reserve the power to exclude delay from Government accountability.  But in this case, the convening authority expressly granted the investigating officer the power to grant continuances while remaining silent about the investigating officer's authority to exclude that delay from Government accountability.  In that scenario, I would apply R.C.M. 707(c)'s automatic exclusion rule due to the convening authority's implicit approval of the delay granted by his delegate.

The second reason for concluding the time was excluded from Government accountability was that the exclusion fell within the plain meaning of R.C.M. 707(c), though for a different reason than that offered by the majority opinion.  In this case, the military judge approved the pretrial delay, albeit after-the-fact.  I would not hold that if the Government fails to seek

4

approval for pre-referral delay from the proper authority that it is forever barred from seeking the delay's exclusion from R.C.M. 707's 120-day speedy trial clock.  Rather, I would recognize that after charges have been referred, the Government may seek a ruling from the military judge retroactively excluding pre-referral delay from Government accountability.  To rule otherwise would elevate form over substance.  If the time should be excluded from Government accountability, a different result should not arise merely because a specific official did not bless the delay when it occurred.  And allowing a military judge to retroactively exclude pre-referral delay from Government accountability is consistent with R.C.M. 707(c) because the pretrial delay would be "approved by a military judge."

In this case, the military judge's ruling approved the pretrial delay.  That ruling was neither unreasonable nor an abuse of discretion.[7]  Therefore, the time was properly excluded from Government accountability.

I also disagree with a portion of the majority opinion's analysis concerning the excludability of the five-day statutory waiting period following the service of referred charges.  The majority opinion reasons, "Because the five-day Article 35

---

[7] See MCM (2002 ed.), Analysis of the Rules of Courts-Martial A21-42.

5

period was neither requested nor necessary in this case to protect the accused, we find that the military judge did not abuse his discretion in approving this delay."[8]  But that analysis seems to have it backwards.  Is not the case for excluding the Article 35 waiting period more compelling if the accused invoked his right to that article's protections than if he did not?  As we have held, "Although the 5 days for service can, under some circumstances, be excluded, United States v. Cherok, 22 M.J. 438 (C.M.A. 1986), it is not a 'per se' exclusion."[9]  Cherok was a two-judge opinion in which Chief Judge Everett concurred in the result.  Cherok's holding, therefore, can be no broader than Chief Judge Everett's concurrence.[10]  In Cherok, Chief Judge Everett explained that he reluctantly agreed that the five-day statutory waiting period should be excluded from Government accountability in that case because it "can be equated to defense-requested delay for purposes of Burton."[11]  The majority opinion stands this

---

[8] Lazauskas, 61 M.J. at __ (9).

[9] United States v. Longhofer, 29 M.J. 22, 30 n.11 (C.M.A. 1989).

[10] See Marks v. United States, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" (citing Gregg v. Georgia, 428 U.S. 153, 169 n.15 (1976)).

[11] Cherok, 22 M.J. at 440 (Everett, C.J., concurring in the result) (citing United States v. Burton, 21 C.M.A. 112, 44 C.M.R. 166 (1971)).

analysis on its head by holding that the five-day statutory waiting period is excluded because it was not requested by the defense and did not benefit the defense.  Note also that Judge Cox's opinion in <u>Cherok</u> was his alone, not that of this Court.

I nevertheless concur in the result because a portion of the five-day statutory waiting period occurred within a larger window of defense-requested delay.  In this case, the five-day statutory waiting period included October 6 through October 10, 2001.  The Government was prepared to proceed on October 8, 2001, but the defense requested a delay until November 15, 2001. The military judge excluded from Government accountability both the five-day waiting period and the remaining period of the defense-requested continuance from October 11 through November 15, 2001.  It is apparent that even without the five-day waiting period, the military judge would have excluded from Government accountability the period from October 8 through October 10, days on which the Government was prepared to proceed but for the defense-requested continuance.  The exclusion of those three days combined with the six days at issue from the continuance of the Article 32 investigation and the other approved periods of delay results in exactly 120 days of Government-accountable delay.  So even without regard to the other two days that fell within the Article 35 window, there was no R.C.M. 707 speedy

trial violation.  Accordingly, I agree with the majority

opinion's result, though not its reasoning.

BAKER, Judge (concurring):

I concur in the Court's decision affirming the military judge's exclusion of the contested time periods from the Rules for Courts-Martial (R.C.M.) 707 accountability clock. I write separately, however, to emphasize two points regarding decisions to grant delay. First, although the lead opinion makes reference to reasonable pretrial delays, other text suggests that the mere act by a proper authority of granting a delay alone determines excludability under R.C.M. 707(c). In my view, the decision to grant must be reasonable based on the reasons, facts or circumstances presented. Otherwise, such a grant would constitute an abuse of discretion. This view finds support in the analysis in the Manual for Courts-Martial, United States (2002 ed.) (MCM) contained in the non-binding discussion accompanying R.C.M. 707(c) stating that "Military judges and convening authorities are required, under this subsection, to make an independent determination as to whether there is in fact good cause for a pretrial delay, and to grant such delays for only so long as is necessary under the circumstances." MCM, Analysis of the Rules for Courts-Martial A21-42 (emphasis added). This view may be implicit in the lead opinion's conclusion that the granting authority's decision is subject to review for

an abuse of discretion.  In the past we have stated, at least with respect to a military judge, that an abuse of discretion occurs when the "application of the correct legal principles to the facts of a particular case is clearly unreasonable."  United States v. Meghdadi, 60 M.J. 438, 441 (C.A.A.F. 2005)(emphasis added).  However, if indeed the granting authority's decision must be "reasonable," we should clearly and expressly state so.

Second, the language in the lead opinion quoting the discussion to R.C.M. 707(c)(1) could lead one to assume that the reasonableness requirement pertains only to the length of the delay granted.  See MCM, Analysis of the Rules for Courts-Martial A21-42 ("Decisions granting or denying pretrial delays will be subject to review for both abuse of discretion and the reasonableness of the period of delay granted.").  Under the rule, a convening authority or a military judge could grant a delay but at the same time indicate that it not be excluded from the R.C.M. 707 calculus.  I recognize that the instances in which this might occur are rare; however, consider the following hypothetical:  the defense expressly and timely requests witnesses for an investigation pursuant to Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (2000), and the Government through either misconduct or even gross

negligence permits those witnesses to go on leave.  The granting authority might determine that the witnesses are necessary and therefore authorize a delay in the proceedings.  It does not follow, and the rule does not require, that this delay be automatically excluded from the R.C.M. 707 clock.  To the contrary, the granting authority may intend that the delay be included within the Government's R.C.M. 707 accountability.

With these understandings, I concur.  In this case, the investigating officer granted the delay, and the military judge did not abuse his discretion in subsequently determining that the granted delays were reasonable and therefore excludable.